CASE 36—INDICTMENT AND CONVICTION OF J. L. COCKERELL FOR VIOLATING LOCAL OPTION LAW.—APRIL 15.

# Cockerell v. Commonwealth.

APPEAL FROM BULLITT CIRCUIT COURT.

DEFENDANT CONVICTED AND APPEALS. AFFIRMED.

INTOXICATING LIQUORS—LOCAL OPTION—SUFFICIENCY OF INDICTMENT —COMPETENCY OF EVIDENCE—CHANGE OF PENALTY—INSTRUCTIONS.

Held: 1. An indictment for a violation of the local option law, charging that defendant unlawfully sold "intoxicating liquors, to-wit, whisky, brandy, ale, beer, and wine, a mixture thereof," etc., informed the defendant that the intoxicating liquor he was charged with selling contained one or more of the liquids mentioned, and sufficiently described the offense, within Cr. Code, section 124, requiring an indictment to be direct and certain.

2. Under an indictment charging an unlawful sale of "intoxicating liquors, to-wit, whisky, brandy, ale, beer, and wine, a mixture thereof," a defendant may be convicted if the "hop tonic" or "tonica" he had sold was "whisky, brandy, beer, or wine, or a mixture thereof."

3. Where, in a prosecution for the violation of the local option law, the witness to whom it was charged defendant had sold "intoxicating liquors, to-wit, whisky, brandy, beer, or wine, or a mixture thereof," gave it as his opinion that the "tonica" or "hop tonic" which he admitted defendant had sold him would not produce intoxication, it was competent for the State to prove that hop tonic or tonica is a well known drink, and contains

some ingredients that will produce intoxication in the same manner as spirituous, vinous, or malt liquors.

4. Though Kentucky Statutes, 1899, section 465, provides that if a penalty or punishment for an offense is mitigated by a provision of a new law taking effect after the commission of an offense, and before the trial of the offender, such provision may, by consent of the parties, be applied to the judgment at the trial, a defendant tried after the law in force at the commission of the offense had been amended was not prejudiced by an instruction that his punishment would be according to the old law, though the amendment might be taken to have mitigated it, where the record does not disclose that the parties had consented that the penalty be that provided by the amendment.

CHAPEZE & HALSTEAD, for appellant.

The indictment charges that the defendant, without a license, sold to P. G. Trunnell, intoxicating liquors, to-wit: whisky, brandy, ale, beer and wine, a mixture thereof, etc.

We submit that the language of this indictment is not sufficient under the code, and the court erred in overruling demurrer thereto. This case should be reversed for the following reasons:

1. The indictment is not good because not direct and certain as to the offense charged. It does not indicate to the party what he is held to answer as having sold to the man, Trunnell.

2. The court erred in giving instruction No. 1, which authorizes the jury to find the defendant guilty for selling "hop tonic" or "tonica," if it was whisky, brandy, beer or wine, or a mixture of any two or more of said liquors.

3. The court erred in permitting proof of a sale to another to be given on the trial, as the indictment only charges a sale to Trunnell.

4. It was error for the court to admit evidence of others who had sold and drank hop tonica to prove that it was intoxicating, when it did not appear that such mixture was the same as that sold by appellant.   Criminal Code, 124.

CLIFTON J. PRATT, attorney general, and M. R. Todd, for appellee.

1. The indictment is not bad for duplicity. It contains all the essential averments and states the particular circumstances of the offense so far as is necessary to apprise accused of the nature of the charge.

Cockerell v. Commonwealth.

2. We fail to see any variance in the proof, and the charge in the indictment which would make the instructions wrong or misleading.

3. The plea of not guilty put in issue every material fact alleged and it was therefore incumbent on the Commonwealth to prove that "hop tonica" was intoxicating.

### AUTHORITIES CITED.

Bishop's Crim. Procedure, vol. 1, secs. 432, 588; Benge v. Com., 13 R., 591; Wilson v. Com., 14 Bush, 159.

OPINION OF THE COURT BY JUDGE SETTLE—AFFIRMING.

The appellant, J. L. Cockerell, was indicted, tried, and convicted in the Bullitt circuit court for selling intoxicating liquors in violation of the local option law, and his punishment fixed by verdict of the jury at a fine of $100. He was refused a new trial by the lower court, and from the judgment of that court refusing him a new trial he prosecutes this appeal.

It is contended for appellant that the indictment is defective, and that the lower court should have sustained the demurrer filed thereto. We are of opinion that the indictment is sufficient, in that it substantially conforms to section 124 of the Criminal Code, which provides that "the indictment must be direct and certain as regards, first, the party charged, second, the offense charged, third, the county in which the offense was committed, fourth, the particular circumstances of the offense charged, if they be necessary to constitute a complete offense." That part of the indictment describing the offense charges that the appellant "did then and there unlawfully, without license so to do, sell to P. G. Trunnell intoxicating liquors, to-wit, whisky, brandy, ale, beer, and wine, a mixture thereof," etc. This language in direct and explicit terms, informed appellant of the offense charged. It apprised him of the fact that the intoxicating liquor which he was

charged with selling contained one or more of the liquids mentioned. It will not be denied that a drink containing any one of them, or composed of two or more of them, would be an intoxicating liquor, in the meaning of the law. So a sale of such liquor or mixture in territory where local option is in force would constitute a violation of the law. It must be presumed that appellant would know whether the liquid sold by him contained whisky, brandy, ale, beer, wine, or any mixture thereof; and, if so, he was as well prepared to make defense to the charge presented by the language contained in the indictment as if it had been confined to an averment of the sale of any one of them. We are therefore of opinion that the lower court did not err in overruling the demurrer to the indictment.

It is also contended for appellant that the lower court erred in instructing the jury. Instruction No. 1 is, however, the only one complained of, the language of which is as follows: "If the jury believe from the evidence, to the exclusion of a reasonable doubt, that in Bullitt county, within twelve months before the finding of the indictment herein, the defendant, J. L. Cockerell, sold to P. G. Trunnell hop tonic or tonica in a quantity less than five gallons at one time, and that said hop tonic or tonica was whisky, brandy, beer, or wine, or a mixture of any two or more of said liquors, they should find him guilty as charged in the indictment, and fix his punishment at a fine in any sum not less than $100 nor more than $200." It is claimed by counsel for appellant that this instruction was improper, pecause of the use therein of the words "hop tonic," or "tonica," as those words do not appear in the indictment. It is true that the words in question are not found in the indictment, but their use in the instruction was nevertheless proper, as spirituous, vinous and malt liquors are often

sold under other than their true names, in violation of law;
and there could certainly have been nothing misleading
in these terms as used in the instruction, for the jury were,
in effect, therein told that, in order to convict appellant,
they must believe from the evidence, beyond a reasonable
doubt, that the drink sold by him as hop tonic or tonica was
in fact whisky, brandy, beer, wine, or a mixture of any two
or more of such liquors.

It is further contended by counsel for appellant that
the lower court erred in allowing the testimony of Fort,
Hall, and others, to go to the jury. P. G. Trunnell, to
whom the appellant sold hop tonic, upon being introduced,
admitted the sale to him by appellant of the drink called
"hop tonic" or "tonica," and that hop tonic or tonica, wheth-
er called by the one name or the other, is the same drink,
but gave it as his opinion that it would not produce intox-
ication.  He testified, however, that he was not a chemist,
though a physician, and that he had never seen a chemical
analysis made of the liquid.  So the witnesses of whose
testimony appellant complains were introduced by appel-
lee to prove that hop tonic or tonica is an intoxicating
drink, and many of them so stated.  According to the tes-
timony of these witnesses, it would seem that hop tonic is
a well-known drink; that it contains some ingredient that
will intoxicate in the manner in which intoxication is pro-
duced by spirituous, vinous, or malt liquors.  Upon the
other hand, witnesses were introduced by appellant who
testified that the drink called "hop tonic" or "tonica" does
not contain spirituous, vinous, or malt liquors, and is in-
capable, therefore, of producing intoxication.  It was the
province of the jury to determine whether or not hop tonic
would produce intoxication, and, if so, whether its intox-
icating effects were caused by the presence therein of spirit-

Cockerell v. Commonwealth.

uous, vinous or malt liquors, such as are named in the in-
dictment, or a mixture thereof. It was therefore relevant
and proper for the appellee to show by the witnesses whose
testimony is complained of that hop tonic or tonica is an in-
toxicating drink; and, in view of the verdict returned by
the jury, it is manifest that they were convinced by the evi-
dence, beyond a reasonable doubt, that the drink which was
sold by appellant as hop tonic or tonica was an intoxicat-
ing drink, composed of or containing spirituous, vinous, or
malt liquors, or a mixture thereof.

It is charged in the indictment, and was admitted upon
the trial, that the local option law was in force in Bullitt
county when appellant sold the liquor mentioned in the
indictment. We deem it proper to state in this connection
that the statute known as the "Local Option Law" was
amended by act of the General Assembly at its last session,
which amendment may be found on pages 41-43, c. 14, of
the volume containing the Acts of 1902. The amendment
provides that any person who shall sell, barter, or loan,
directly or indirectly, any spirituous, vinous, or malt liquors
in any territory where local option is in force, shall, upon
conviction, be fined in any sum not less than $60 nor more
than $100, or confined in the county jail not less than 10 nor
more than 40 days, or both so fined and imprisoned, in the
discretion of the jury, whereas, the punishment under the
old statute was only a fine of not less than $100 nor more
than $200. The sale of spirituous liquors of which the
appellant was convicted was made in 1901, and before the
enactment of the amendment referred to, although his trial
did not take place until after the amendment went into
effect. The record discloses the fact that the instructions
given on the trial in the lower court directed the jury, in
the event that they found appellant guilty to fix his pun-

ishment as provided by the old statute. Section 465, Ky.
St., 1899, provides that "no new law shall be construed
to repeal a former law as to any offense committed against
the former law, nor as to any act done, any penalty, for-
feiture or punishment incurred, or any right accrued or
claim arising under the form of law, or in any way
whatever to affect any such offense, or act so
committed or done, or any penalty, forfeiture or punish-
ment so incurred, or any right accrued or claim arising be-
fore the new law takes effect, save only that the proceed-
ings thereafter had shall conform so far as practicable to
the laws in force at the time of such proceeding. If any pen-
alty, forfeiture or punishment be mitigated by any provi-
sion of the new law, such provision may, by consent of the
party affected, be applied to any judgment pronounced aft-
er the new law takes effect." It will be observed that,
though the amendment in question mitigates the punish-
ment provided in the original statute by reducing the fine
that was imposed thereby, it allows the jury, in addition to
or in lieu of the fine of not less than $60 nor more than
$100, to inflict upon the offender against the local option
law imprisonment in the county jail not less than 10 nor
more than 40 days. In view of the imprisonment that may
be imposed under the statute as amended, and which was
not permitted to be inflicted under the former statute, it
may well be doubted whether the new law mitigates the
punishment provided by the former statute. At any rate,
it can not be said that the appellant was prejudiced by the
failure of the lower court to instruct the jury to inflict the
penalty found in the amendment or new law, as that could
not have been done without the consent of appellant, and
such consent is not disclosed by the record.

We are unable to see that any error was committed by the lower court to appellant's prejudice, and the judgment is therefore affirmed.