## Flanders v. Commonwealth.

### (Decided Sept. 23, 1910.)

## Appeal from Caldwell Circuit Court.

In a prosecution against defendant for selling beer without a license, the evidence showed that he sold a liquid, called Dr. Fizz, that looked like beer, smelt like beer, foamed like beer, and tasted like beer. Appellant had a special tax license to sell spirituous, vinous and malt liquors and so did the manufacturer. The jury found the defendant guilty. Held, that the finding was correct.

S. D. HODGE and HODGE & HODGE for appellant.

JAMES BREATHITT, Attorney General and TOM B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE O'REAR —Affirming.

Appellant was convicted of selling spirituous, vinous and malt liquors in territory where the local option law was in force. He conducts a country store in Caldwell county. He is also a lawyer. The sheriff, upon information that appellant was selling intoxicating liquors, went to his place of business and bought two bottles of "temperance beer," which was labeled as being "Dr. Fizz." The sheriff took the bottles to the county seat, and there poured their contents into glasses in the presence of several witnesses, two of whom drank the liquor. On the trial of the warrant sworn out by the sheriff against appellant for selling malt liquors, these witnesses testified that the liquor looked like beer, smelt like beer, foamed like beer, and tasted like beer. Several of them testified that they had drank beer many times, one of them that he had been a bar-keeper, selling beer for some years, and that in their opinion the liquor was beer, somewhat diluted.

The defendant claims that the decoction known as "Dr. Fizz" was a non-intoxicating "soft" drink, made of carbonated water; that he had sold a great deal of it; had seen persons drink as many as eight bottles of it in a few hours without visible effect, and that he did not believe that it was an intoxicant in any quantity in which it was possible to be drunk. The manufacturer testified that it was carbonated water, with certain coloring and other matter to give it the appearance and taste of beer, but without alcohol, except perhaps one per cent. con-

tained in the coloring matter as a preservative. He re fused to tell what the ingredients were. He testified also that it was not intoxicating. Appellant had a special tax license from the United States government permit- ting him to sell spirituous, vinous and malt liquors by retail. So did the manufacturers. Upon this evidence the court submitted the case to the jury under the follow- ing instructions:

"1. If you believe from the evidence beyond reason- able doubt, that the liquor sold to Henry Towery, by de- fendant, on the occasion in question, was ordinary beer, a malt liquor, you will find him guilty, and will fix his punishment at a fine not less than sixty, nor more than one hundred dollars, or an imprisonment in the county jail not less than ten nor more than forty days, or both such fine and imprisonment in your discretion.

"2. If you believe from the evidence that the liquor was a non-intoxicating beer, you will find defendant not guilty.

"3. If there be reasonable doubt of the defendant being proved guilty, he is entitled to an acquittal."

The verdict and judgment being that of guilty, appel- lant prosecutes this appeal for a reversal of the judg- ment, assigning as error the failure of the court to sub- mit to the jury the question whether the decoction "Dr. Fizz" was an intoxicating beverage; also the failure of the court to submit whether the liquor had been sold in Caldwell county, and within twelve months before the issual of the warrant in the county court.

Appellant was not charged with selling a mixture or decoction having the ingredients and properties of an in- toxicant, which is denounced by section 2559a, Ky. Stats. (Rush v. Commonwealth, 47 S. W. 586.) Had he been so charged the court would have submitted to the jury the question whether the decoction was an intoxicating bev- erage. (Cockerell v. Commonwealth, 73 S. W. 760.)

The Statute (sec. 2557, Ky. Stats.) prohibits the sale, &c., of "spirituous, vinous, and malt liquors" in local option territory. Spirituous and vinous liquors are well known intoxicating beverages. (Mitchell v. Common- wealth, 106 Ky. 602; Gnadinger v. Commonwealth, 4 Ky. Law Rep. 514.) Equally so is "beer," whether bock, lager, or common beer. While some courts do not take judicial notice of the fact that common beer is malt liquor, the rule in this State is otherwise. (Pedigo v.

Commonwealth, 70 S. W. 659; Commonwealth v. Hurst, 62 S. W. 1024; Locke v. Commonwealth, 74 S. W. 654.) As, therefore, the statute in terms prohibits the sale of malt liquors in local option territory, it is enough to inquire whether the liquor sold is malt liquor; if it is, the guilt is fixed. Whether it intoxicates some people or not, or is only a mild intoxicant, or whether defendant believed that it was an innocent soft drink, are immaterial. (23 Cyc. 184.)

The instructions in this case submitted whether the liquor sold was common beer. The jury found by their verdict that it was. No matter what label was on the bottles, or by what name it was called, if in fact it was common beer, it was a malt liquor, and as such its sale was prohibited. On the issue and facts of this case, the instructions were right, and entirely apposite.

While a proper form under the plea of not guilty, is to require the jury to find whether the offense was committed in the indicting county and within the time nor barred by the statutes, still the failure to so instruct the jury in this case was not a prejudicial error. Appellant on the trial admitted that he sold the liquor at his place of business in Caldwell county to the prosecuting witness and within two months of the time of his trial. It would be farcical to reverse this judgment upon the sole ground that the finding of those facts had not been properly submitted to the jury. That is why section 340, Criminal Code, was enacted, and that is why this court refused to reverse judgments of conviction for errors nowise contributing to the verdict or judgment.

Affirmed.