## Sizemore v. Commonwealth (4 Cases).

(Decided October 19, 1910.)

### Appeals from Lee Circuit Court.

1. Intoxicating Liquors—Local Option Law—Sections 2557, 2557a and 2557b of the Kentucky Statutes Construed.—Each of these sections creates and describes a distinct offense with a different penalty and in prosecutions for violations of either section, only the penalty prescribed in that section can be applied.

2. Same.—It is not material under what name the manufacturer or vendor sells in prohibited territory the forbidden liquors or beverages, or by what name they are called or branded. It is what the liquor or beverage is, and not what it is called or branded, that fixes its status.

3. United States License.—In a prosecution under section 2557b, it is competent to prove that the accused had a United States license to sell liquor, and to instruct the jury that the possession of the license is prima facie evidence of his guilt.

4. Same.—But evidence that the accused had such license is not sufficient alone to convict. There must be other evidence of a violation of the statute, and the accused may explain his possession of the license, and show, if he can, that it was not for the purpose of protecting him in a violation of the law.

5. Same.—In prosecutions under sections 2557 and 2557a, the commonwealth may prove that the accused has a government license to retail liquor, but in such prosecutions the possession of the license is not prima facie evidence of guilt, and the court should not so instruct the jury.

6. Sale of Liquor Necessary to Constitute Guilt.—It is not an offense under sections 2557 and 2557a to give, lend, procure for or furnish to another the liquors or beverages mentioned. There must be a sale, either directly or indirectly, or the person who gives, lends, procures for or furnishes the liquors or beverages must have some pecuniary interest in them.

SUTTON & HURST and F. A. LYON for appellant.

JAMES BREATHITT, Attorney General, and THEO. B. BLAKEY, Asst. Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

Judgments were rendered against the appellant Sizemore in four prosecutions by indictment instituted against him for selling spirituous, vinous, malt and intoxicating liquors, and mixtures thereof, in local option

territory. He asks a reversal of each of the judgments, because the court erred in admitting incompetent evidence, and in misinstructing the jury. The facts in each case are substantially alike, and the same instructions were given in each. We will, therefore, dispose of them together.

The prosecuting witness in each case testified that he had bought a beverage called "Malt Mead" from appellant and drank the same, but that it did not have any intoxicating effect upon him. Other witnesses for the Commonwealth testified that they had drunk the beverage called "Malt Mead" and it did intoxicate them; but, these witnesses, with the exception of two, said that they did not obtain, directly or indirectly, the "Malt Mead" that intoxicated them from appellant, nor did they know whether the "Malt Mead" he was charged with selling to the persons mentioned in the indictments was the same quality or character of "Malt Mead" they purchased. Two witnesses testified that they had bought "Malt Mead" from the appellant that did intoxicate them, but did not say they bought it at or near the time the sales were made to the persons named in the indictments. There was no evidence that the "Malt Mead" drank by the persons who testified to its intoxicating effect was the same quality or character of "Malt Mead" sold by appellant, or that the "Malt Mead" drank by the several witnesses was made according to a prescribed formula, or that the "Malt Mead" sold by appellant was in fact beer; but there was evidence that it was a malt liquor or beverage.

Appellant admitted that he had a United States license to sell malt liquor, and introduced a number of witnesses who testified to the effect that they had purchased "Malt Mead" from him but that it did not intoxicate them or have any intoxicating effect upon them.

With the evidence in this condition, the court instructed the jury that:

"No. 1. If you believe from the evidence beyond a reasonable doubt that the defendant, in Lee county, before the finding of this indictment, sold spirituous, vinous, malt and intoxicating liquors to ———— (naming him) you will find him guilty, and fix his punishment by a fine in any sum not less than sixty nor more than one hundred dollars, or by imprisonment in the county jail not less than ten nor more than forty days; you may fine alone, or imprison alone, or you may both fine and

imprison, just as you think proper. If you find the defendant guilty, you may or not say in your verdict that unless the fine be paid or replevied that the defendant be put at hard labor one day for each one dollar of the fine and costs, and one day for each day of the imprisonment if you inflict imprisonment; and unless you so believe, you should find the defendant not guilty.

"No. 2. If the jury believe from the evidence beyond a reasonable doubt that at the time said sale was made to ————— (naming him), if it was made, that the defendant had in his possession a United States special tax stamp, commonly called a United States license, for carrying on the business of retail dealer in malt liquors, that the possession of such license is prima facie evidence of guilt."

In our opinion the evidence was not sufficient to justify the conviction of the accused, and instruction No. 2 was erroneous and prejudicial. As we set forth with some care in Gourley v. Commonwealth, 140 Ky. 221, which was also a prosecution for selling "Malt Mead" in violation of law, the competency as well as the sufficiency of evidence in prosecutions under the liquor laws, it does not seem necessary that we should again repeat what was said in that opinion. But, under the rule there announced, and for the reasons there given, much of the evidence against the appellant was incompetent and the whole of it not sufficient to authorize the submission of the case to the jury. In the admission of evidence on a re-trial of these cases the court should be governed by the principles laid down in Gourley v. Commonwealth, supra.

Much of the difficulty and confusion growing out of the attempts to enforce the laws against the illegal sale of liquor results from a failure to observe the distinctions between sections 2557 and 2557a and 2557b that have been so frequently pointed out by this court in the opinions elsewhere cited. It often happens, that the indictment will be found under one section and a conviction be had for the penalty prescribed in another section, or that the indictment will describe the offenses created by two sections. Therefore in view of the number of prosecutions under these sections we will endeavor to restate the rulings of this court in construing them in such manner as that trial courts and commonwealth's attorneys may not be in doubt as to the section under which the indictment should be returned, and the punishment

inflicted. Each of these sections creates and describes a separate and distinct offense, and imposes a different penalty, and of course when the indictment is returned under one section, the evidence for the Commonwealth must be sufficient to sustain a conviction under that section, and the penalty, if any imposed, must be that set out in the section violated. If the Legislature had, as it might well have done, embodied in one section, with one penalty, the offenses created by sections 2557, and 2557a, the execution of the law would be greatly simplified, and much of the confusion that now exists removed; but, as it has not seen proper to do this, we can only administer the law as we find it written. This will not be difficult to do if trial courts and officers charged with its enforcement will keep in mind that each of these sections covers a different state of case.

Section 2557 of the Kentucky Statutes is awkwardly written, and it is apparent that there was inadvertently omitted from it, after the words "as the case may be" in the fourth line, the words "it shall be unlawful to sell, barter or loan such liquors." But, in administering this section, the omitted words have been under the settled rule of construction supplied by the court, and the statute has been treated as if they were in it. It reads in part—

"After the entry of the certificate of the canvassing board as above provided for, in the order book of the county court, if the vote was given against the sale, barter, or loan of spirituous, vinous or malt liquors in the said county, city, town, district or precinct, as the case may be (it shall be unlawful to sell, barter or loan such liquors) to any person, except as hereinafter provided; and any person who shall sell, barter or loan, directly or indirectly, any such liquors, in said county, city, town, district or precinct, shall, upon conviction, be fined not less than sixty nor more than one hundred dollars, or be confined in the county jail for not less than ten nor more than forty days, or both so fined and imprisoned, in the discretion of the court or jury. * * *"

This section only forbids the sale, directly or indirectly, of spirituous, vinous or malt liquors. It does not prohibit or punish the sale of "any beverage, liquid mixture or decoction of any kind which produces or causes intoxication." An indictment under it should charge the sale of spirituous, vinous or malt liquors, and this being so the accused cannot be convicted, unless the

evidence shows that he sold either directly or indirectly spirituous, vinous or malt liquors or a mixture of either with some other beverages and that the beverage sold was intoxicating or one that the law would presume was. It is not, however, material under what name the manufacturer or vendor sells these liquors, or either of them, or the mixture of either with any other beverage or by what name they are called or branded, if the evidence shows that the beverage is in fact one of these liquors or a mixture of either with any other beverage and is intoxicating or one that the law would presume was. It is what the liquor or beverage is, and not what it is called, that fixes its status. As the liquor or beverage the accused sold was a malt liquor or beverage, the indictment was properly returned under section 2557, and the accused, if it had shown that the ''Malt Mead'' was intoxicating, could have been convicted for an offense against that section under the evidence that it was a malt liquor or beverage. Flanders v. Commonwealth, 140 Ky. 38; Partin v. Commonwealth, 140 Ky. 146; Ball v. Commonwealth, 30 Ky. Law Rep. 600; Hoskins v. Commonwealth, 31 Ky. Law Rep. 309; Combs v. Commonwealth, 31 Ky. Law Rep. 822; Cockerell v. Commonwealth, 115 Ky. 296.

If the offense committed is not the sale of spirituous, vinous or malt liquors, but the sale, directly or indirectly, of a ''beverage, liquid mixture, or decoction of any kind which produces or causes intoxication,'' the indictment should be drawn under section 2557a, and consequently the defendant if convicted must be punished in the manner provided in that section. When an indictment is returned under section 2557a, it should charge the unlawful sale of a ''beverage, liquid mixture or decoction that produces or causes intoxication'' as this section was intended to prohibit the sale of any beverage, liquid mixture or decoction of any kind which produces or causes intoxication. If the evidence shows that the accused sold, directly or indirectly, any beverage, liquid mixture or decoction of any kind which produces or causes intoxication, although it may be what is known as a spirituous, vinous or malt liquor, there may be a conviction under section 2557a. Rush v. Commonwealth, 20 Ky. Law Rep. 776; Commonwealth v. Jarvis, 120 Ky. 334, and the cases supra.

Section 2557b was not intended to prohibit the sale of spirituous, vinous or malt liquors, or the sale of any beverage, liquid mixture or decoction of any kind which

produces or causes intoxication to a person in territory where the sale of liquor is prohibited, to be drunk by such person. This is done by sections 2557 and 2557a. The object of this section was to punish any person who sells, lends, gives, procures for or furnishes spirituous, vinous or malt liquors in which he is interested in a pecuniary way to another to sell, or to another person, as his agent, for the purpose of having or enabling that other person to sell them in such territory. In other words, if "A" in local option territory, should sell to "B" the liquor or beverages mentioned, to be drunk by him, or by persons to whom he might give them, the offense committed by "A" would fall under either section 2557 or 2557a, but would not come under section 2557b. But, if "A" should sell, give, lend, procure for or furnish liquor to "B," as his agent, in order that "B" might take it into local option territory and sell it, or if "A" should be interested in a pecuniary way, directly or indirectly, in the sales of the liquors or beverages, that "B" might make in local option territory, then "A" could be convicted for violating section 2557b. Hyser v. Commonwealth, 116 Ky. 410; Commonwealth v. Dickerson, 25 Ky. Law Rep. 1043; Ball v. Commonwealth, 30 Ky. Law Rep. 600; Hoskins v. Commonwealth, 31 Ky. Law Rep. 309; McGuire v. Commonwealth, 30 Ky. Law Rep. 720.

To put it in another way, if any person sells, lends, gives, procures for or furnishes to another, as his agent, any spirituous, vinous or malt liquors, to sell in forbidden territory, or if the person who sells, lends, gives, procures for or furnishes such liquor for such purpose is directly or indirectly interested in a pecuniary way in the sale thereof by the person to whom he furnishes them, he commits an offense under section 2557b. Or, if any person has such liquors in his possession for such purpose, he commits an offense against this section. When it is desired to proceed against any person for a violation of this section, the indictment should charge that the accused sold, loaned, gave, procured for or furnished spirituous, vinous or malt liquors to another for the purpose of having such other person sell them in prohibited territory, or that he had such liquors in his possession for such purpose. Under such an indictment a conviction may be had upon evidence that the accused sold, bartered, loaned, procured for or furnished such liquors, or a mixture of either to or for another to be

sold by him as his agent in prohibited territory, or that he was directly or indirectly interested in a pecuniary way in their sale by the other person in such territory, or that he had such liquors in his possession for the purpose of selling them as indicated. It is, however, necessary that the liquors should be intoxicating. This section also provides that:

"The possession of a United States special tax stamp (commonly called United States license) for carrying on the business of a retail dealer in spirituous, vinous or malt liquors, or the having of such tax stamp or license stuck up at the place of business in such territory shall be prima facie evidence of guilt under this section."

Therefore, when there is a prosecution under this section, the Commonwealth may prove that the accused had a government license, and if there is other evidence conducing to show a violation of the statute, the court may in addition to instructing the jury in the usual form under such an indictment, further instruct them that the fact that the accused at the time he committed the offense charged had this license is prima facie evidence of his guilt. The mere fact, however, that the accused had such license is not in itself sufficient to sustain a conviction. There must be other evidence showing a violation of the statute. As aptly said by the Supreme Court of Indiana in State v. Beach, 36 L. R. A., 179:

"We think it clear that the Legislature has the power to prescribe rules of evidence and methods of proof. A law which would, in effect, exclude the evidence of a party, and thereby deny him the right to be heard, would deprive him of due process of law. A law which provides that certain facts are conclusive proof of guilt would be unconstitutional, as also would one which makes an act prima facie evidence of crime which has no relation to a criminal act, and no tendency whatever to establish a criminal act. If, however, the Legislature in prescribing the rules of evidence in any class of cases, leaves a party a fair opportunity to establish his case or defense, and give in evidence to the court or jury all the facts legitimately bearing on the issues in the cause to be considered and weighed by the tribunal trying the same, such acts of the Legislature are not unconstitutional. It has repeatedly been held that the Legislature has the right to declare what shall be presumptive or prima facie evidence of any fact." To the same effect is Meadowcroft v. State, 163 Ill. 66, 35 L. R. A. 176;

Board of Commissioners v. Merchant, 103 N. Y. 143, 57 Am. Rep. 705; Elliott on Evidence, vol. 1, secs. 17, 86.

Although the possession of this license is prima facie evidence of guilt, it is not a conclusive presumption, and the accused may show if he can the purpose for which he procured and has the license and that it was not done with any intent to violate the law. In short, the possession of the license creates a rebuttal presumption, and leaves to the accused the same right to disprove the inference created by it, as he has to disprove the inference created by any other fact that would have a tendancy to establish his guilt. Evidence that the accused had such a license is competent for the Commonwealth in prosecutions under sections 2557 and 2557a, but in prosecutions under these sections it is not prima facie evidence of guilt, nor would it be proper to so instruct the jury, as the Legislature has seen proper to make the license prima facie evidence of guilt only in prosecutions under section 2557b.

We may further add that it is not an offense under sections 2557 and 2557a to give, lend, procure for, or furnish to another the liquors or beverages mentioned. There must be a sale, either directly or indirectly, or the person who gives, lends, procures for or furnishes the liquors or beverages must have some pecuniary interest in them. Commonwealth v. Dickerson, 25 Ky. Law Rep. 1043; Partin v. Commonwealth, 140 Ky. 146; Chinn v. Commonwealth, 17 Ky. Law Rep. 1205; Hoskins v. Commonwealth, 31 Ky. Law Rep. 309; Ball v. Commonwealth, 28 Ky. Law Rep. 1344; Leak v. Commonwealth, 23 Ky. Law Rep. 932. But, as said in section 2570 of the Kentucky Statutes, "No trick, device, subterfuge or pretense" resorted to by the seller to evade the law will save him if there is any evidence that a sale directly or indirectly was made, or that he had any pecuniary interest in the liquor that he gave, lent, procured for or furnished.

Wherefore, the judgment of the lower court in each case is reversed, with directions for a new trial in conformity with this opinion.