## King v. Commonwealth.

(Decided April 13, 1911.)

### Appeal from Logan Circuit Court.

1.  Local Option Law—Violation of Section 2557b of the Kentucky Statutes.—It is an offense against this section for any person to have in his possession in local option territory spirituous, vinous or ·malt liquors for· the purpose of selling the same or to furnish such liquors to another for the purpose of sale in such territory.

2.  Evidence—United States Government License.—A conviction for a violation of this section may be had upon circumstantial evidence. The Commonwealth may show that the accused has in his possession a government license to retail liquor, and this license is prima facie evidence of guilt. A copy of the license, taken from the books of the Collector of Internal Revenue, when certified to by the collector, is admissible without further authentication.

A. R. DeWITT and S. R. CREWDSON for appellant.

E. J. FELTS, County Attorney; JAMES BREATHITT, Attorney General, and THEO. BLAKEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellant was convicted in the Logan circuit court of the offense of having in his possession spirituous, vinous or malt liquors for the purpose of selling them in Logan county territory in which the local option law of the State was and is in force. The prosecution was instituted under section 2557B of the Kentucky Statutes, and the punishment of the appellant fixed at a fine of One Hundred Dollars and Fifty days imprisonment in jail at hard labor until both fine and imprisonment were satisfied.

The principal ground urged for reversal is that the evidence was not sufficient to authorize a verdict of guilty. The facts are in substance these: The appellant conducted a livery stable in the city of Russellville. One day in November, 1910, the Chief of Police of Russellville having information that appellant was going to get a wagon-load of whiskey from Bowling Green, was on the lookout for its arrival, and about noon saw a grocer's delivery wagon drive into the livery stable and he immediately went there and found in the wagon, which had been backed up to a stall in the stable, seven cases of whiskey, which he took possession of and delivered to the County Judge of Logan county. The cases which were filled with bottles had plainly marked and branded on each of them the word "whiskey," and in addition the name of well known distillers and the marks of wholesale liquor dealers in Bowling Green. The officer testified that he was so well satisfied that the cases contained whiskey that he did not think it necessary to open either the cases or the bottles. There was further evidence that a team owned by appellant and driven by a man about his stable left his stable in the middle of the night two days before the whiskey was taken possession of, and that early in the morning of the day it was brought to Russellville this team and driver stopped at the house of Ben Perry, a colored man who lived about a mile from Russellville, on the road leading from Russellville to Bowling Green. Perry testifies that appellant telephoned him to feed his team when it came along, and that he did so, and that the team left sometime during the morning,—just when is not shown. Taylor, who drove a delivery wagon for a grocer named Helm, said that on the morning in question at the direction of Helm he drove the wagon down to King's stable, when King told him to go to Perry's in his wagon and get some goods that he had out there, and that he hauled one load of barrels and boxes and delivered them to appellant at his stable in one of the back stalls. That he then went back to Perry's and got the other load of boxes that were captured by the officer, and that he had taken this last load into the stable and backed up to the stall that he had put the previous load in when the officer came in and took possession. He further said that the appellant told him when he started to Perry's on the second trip to be on the "lookout" when he came back, and that on his return with the second load he stopped his wagon some distance from the stable, got

out of the wagon and went to the stable, where he saw appellant, who told him to get his wagon and drive in. It was further shown that this delivery wagon had curtains on it, and that all these curtains were down.

The Commonwealth offered to introduce a copy of a record certified to by Lawson Reno, United States Revenue Collector for the Second District of Kentucky, in which Russellville is located, showing that the appellant had a United States government license authorizing him to retail spirituous, vinous or malt liquors; but, upon objection by the accused the court excluded this certified copy.

Appellant did not testify, nor was any evidence introduced in his behalf.

We think the evidence admitted for the Commonwealth was amply sufficient to justify the jury in finding the appellant guilty. The statute makes it unlawful for any person "to sell, lend, give, procure for or furnish to another any spirituous, vinous or malt liquors, or to have in his possession spirituous, vinous or malt liquors, for the purpose of selling them, in any territory where said act is in force." Under the plain language of this statute it is as certainly a violation of it for a person to have in his possession in local option territory the liquors mentioned for the purpose of selling them in such territory as it is to furnish them to another for such purpose. McGuire v. Com., 30 Ky. L. R., 720; Sizemore v. Com., 140 Ky., 338; Anderson v. Com., 142 Ky. 446. It is however necessary to sustain a prosecution that the Commonwealth in a case like the one before us should show first: that the person being prosecuted had in his possession liquors, and second, that he had it for the purpose of selling it in local option territory. But, it is not essential to sustain a conviction that direct evidence of either of these facts should be made by the Commonwealth. A conviction may be had upon circumstantial evidence. And while there is no direct evidence that the cases found in the possession of appellant contained whiskey, or that if they did contain whiskey he had procured it for the purpose of selling it in local option territory, all the circumstances described by the witnesses point with unerring certainty to the conclusion that the boxes contained whiskey. In the face of these circumstances it is idle to argue that the appellant was innocent of any attempt to violate the statute. The fact

that his wagon and team left his livery stable in the middle of the night—that the second morning following, about sun up, it stopped about a mile from Russellville and unloaded the articles at the house of a colored man, at which place the team was fed—that the load was not brought into Russellville in appellant's wagon—that his team was fed about a mile from his livery stable, in place of being brought into it to be fed—that a closed delivery wagon was procured from a grocer to be sent after the articles—that the driver of this wagon was warned to be on the "lookout" when he came in with this load—the place in which the goods were put in the livery stable— the character of the boxes or cases and the marks and brands on them—leave no ground for reasonable doubt as to what they contained. It is also clear that from these circumstances the jury had the right to infer that appel-· lant had the whiskey for the purpose of selling it. No person would procure in this manner this quantity of whiskey for his own use. If these cases or boxes did not contain whiskey, or if they did, and appellant did not procure it for the purpose of sale, the presumption arising. out of the facts that he was guilty could easily have been overcome by evidence in his behalf. But, of course, the appellant was under no duty to offer himself as a witness, and the law imposed upon the Commonwealth the neces-. sity of establishing his guilt to the satisfaction of a jury. beyond a reasonable doubt. Nor is the fact that he failed to testify to be taken—nor have we treated it—in any manner as tending to show his guilt.

In prosecutions for a violation of this statute, the fact that the accused is in possession of a government license to retail spirituous, vinous or malt liquors is competent evidence for the Commonwealth, and *prima facie* evidence of guilt. Sizemore v. Commonwealth, 140 Ky. 338. And a copy of the United States government license, taken from the books of the United States Collector of Internal Revenue, when certified to by the collector, is competent evidence without further authentication. Anderson v. Com., 142 Ky., 446; 143 Ky., 87. The lower court therefore erred in sustaining the objection to the introduction of this record.

The judgment is affirmed.