## Gossett v. Commonwealth.

(Decided September 24, 1914.)

### Appeal from Pulaski Circuit Court.

1. Intoxicating Liquors—Local Option Law—Section 2557b, Sub-section 2, Kentucky Statutes—Sufficiency of Evidence.—Evidence to the effect that a distiller manufactured 50 barrels of whiskey and

had it in his possession during the time covered by the informa-
tion, and that he had a United States Government license authoriz-
ing him to sell whiskey in local option territory, is sufficient to
sustain a conviction of the offense of having spirituous, vinous and
malt liquors in his possession for the purpose of selling them in
local option territory.

2. Intoxicating Liquors—Certified Copy of United States Government
License—Admissibility as Evidence.—A copy of a United States
Government license, taken from the books of the United States
Collector of Internal Revenue, when certified by him, is competent
- evidence without further authentication.

J. W. COLYAR for appellant.

JAMES GARNETT, Attorney General, for appellee.

Opinion of the Court by William Rogers Clay,
Commissioner—Affirming.

Defendant, G. C. Gossett, was convicted of the of-
fense of having in his possession spirituous, vinous and
malt liquors for the purpose of selling them in local
option territory. His punishment was fixed at a fine of
$100 and 50 days in jail. He appeals.

The information filed by the Commonwealth's At-
torney charged defendant with committing the offense
on September 25, 1913. The evidence for the Common-
wealth is as follows:

Jerry Pettijohn testified that he resided in Pulaski
County and was acquainted with defendant. He had
worked in defendant's distillery, and had made whiskey
for him. Did not know what became of the whiskey
made at the distillery. Thinks he made about 50 gal-
lons at the distillery in August, 1913. The storekeeper-
gauger at the distillery looked after the whiskey, and
witness was never in the cistern room or warehouse.
Never saw any whiskey at the residence of defendant,
or in any house or place near his residence, or his dis-
tillery. Defendant's distillery was located about 200
yards from his residence and on his farm. Delno Bray
testified that he knew the defendant, and cut wood for
him, to be used at the distillery, about one year ago.
Knew nothing about Mr. Gossett having whiskey in his
possession for sale. Was not about the distillery much.
Just cut a little wood. Defendant paid him for cutting
the wood. In addition to the foregoing testimony, the
Commonwealth introduced a copy of a special tax
stamp, issued to the defendant by the United States

Collector of Internal Revenue for the Eighth District of Kentucky and certified to by the collector. It was agreed by the parties that the place designated by the special stamp tax and the residence of defendant and his distillery were all in local option territory.

At the conclusion of the evidence for the Commonwealth defendant asked for a peremptory instruction, which was refused by the court. Thereupon the case was submitted to the jury under instructions prepared by the court. The jury returned a verdict of guilty.

The offense of which defendant was convicted is covered by sub-section 2, section 2557b, Kentucky Statutes. Sub-section 2, after making it unlawful for any person to have in his possession spirituous, vinous or malt liquors for the purpose of selling them in local option territory, provides:

"The possession of a United States special tax stamp (commonly called United States license) for carrying on the business of a retail dealer in spirituous, vinous or malt liquors, or the having of such tax stamp or license stuck up at the place of business in such territory shall be *prima facie* evidence of guilt under this section."

It is the contention of the defendant that under the authority of Sizemore v. Commonwealth, 140 Ky., 338, the possession of such a license is not of itself sufficient to sustain a conviction, and that the Commonwealth failed to make out a case against him because the other evidence introduced was not sufficient to show a violation of the statute. Of course, the fact that a man is a distiller and manufactures whiskey in local option territory is not of itself sufficient to show that he has such whiskey in his possession for the purpose of selling it in local option territory; but where he not only manufactures whiskey, but has it in his possession, and in addition thereto has a United States Government license authorizing him to sell it in territory where the local option law is in force, these facts are, in our opinion, sufficient to sustain a conviction. In this case defendant manufactured and had on hand during the period covered by the information about 50 barrels of whiskey. The Government license which he had authorized him to sell whiskey in the place of his residence, which was local option territory. From this evidence we conclude that the jury was justified in finding that he had the

whiskey in his possession for the purpose of selling it in local option territory.

There is no merit in the contention that the copy of the special tax stamp was not properly admitted as evidence. It is well settled that a copy of a United States Government license, taken from the books of the United States Collector of Internal Revenue, when certified by him, is competent evidence without further authentication. Anderson v. Commonwealth, 143 Ky., 87.

Judgment affirmed.