## Dick v. Commonwealth.

(Decided September 25, 1914.)

### Appeal from the Pulaski Circuit Court.

Intoxicating Liquors—Possession of Federal License not Alone Sufficient to Show Violation of Law—Must Be Evidence of Possession of Liquor.—In a prosecution for the violation of the local option laws under section 2557b, Kentucky Statutes, while the possession of the special license shall be prima facie evidence of guilt, such possession of the license is not alone sufficient; it must be supplemented by evidence that accused at the time of the filing of the information, or within the statutory period previous thereto, had the liquor in his possession.

J. W. COLYAR for appellant.

JAMES GARNETT, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Reversing.

On the 30th of September, 1913, the Commonwealth's Attorney filed information against the appellant in the Pulaski Circuit Court charging him with having in his possession spirituous, vinous, and malt liquors for the purpose of selling same in local option territory, under the provisions of Section 2557-b, Kentucky Statutes.

On the trial he was convicted and has appealed. His only ground of complaint is that there was no evidence to support the verdict.

Only two witnesses were introduced, and they each testified in substance that they knew the defendant, and that he did have two years previously a distillery and Government bonded warehouse, but that neither of them had been at such distillery or bonded warehouse for about two years before the filing of the information.

This was the only evidence introduced except that the defendant had a special tax license stamp issued by the Federal Internal Revenue Collector in his possession at the time the information was filed.

It is provided by our Statutes (Sec. 2557-b) that the possession of the United States special tax stamp or license shall be prima facie evidence of guilt under the provisions of that section.

But the possession alone of such a license stamp tax is not sufficient to authorize a conviction under that section; the very essence of the charge under that section is

the possession of the liquor for the purpose of selling same in local option territory.

In this case there is absolutely no evidence that the appellant, at the time of the filing of the information or at any time within two years before that, had any liquor, whatsoever, in his possession, for the purposes of sale or otherwise.

While the possession of the Federal license is prima facie evidence of guilt it is in no sense conclusive evidence and is not alone sufficient; it must at least be supplemented by evidence that he actually, at the time of the filing of the information or within the statutory period previous thereto, have had liquor in his possession. The having in possession of the Federal license taken in connection with the actual possession of the liquor may authorize the jury to infer that he had it in possession for the purpose of sale, but it is essential, to support a conviction in such a case, that the possession of the liquor shall be shown. (Sizemore v. Commonwealth, 140 Ky., 338; Anderson v. Commonwealth, 143 Ky., 87; King v. Commonwealth, 143 Ky., 128).

Juries are not authorized to arbitrarily fix the guilt or innocence of persons charged with public offenses; there must be some tangible evidence upon which to base the verdict.

The judgment is reversed with directions to grant appellant a new trial and for further proceedings consistent herewith.