## Frey v. Commonwealth.

(Decided April 18, 1916.)

### Appeal from Ohio Circuit Court.

1. Criminal Law—Warrant—Amendment.—It is not necessary in proceedings under misdemeanor charges where the court may make final disposition of them to charge the offense in a warrant with the technical accuracy or the same particularity as is required when the charge is preferred by an indictment, and it is competent to permit such a warrant to be amended by the Commonwealth, after the defendant has been arrested thereunder, so as to state the charge with greater particularity but not so as to charge an entirely different offense; however, if the amendment should violate the rule, a new trial will not be granted therefor if the defendant has had reasonable time and opportunity to defend under the amendment after it had been filed and the trial was directed throughout to the charges contained in the amendment.

2. Criminal Law—Warrant.—As it is not necessary to state the time of the commission of the offense other than it occurred before the issuing of the process, a warrant which charges an offense to have been committed on a certain day before the issuing of the warrant may be proven to have been committed on any day within the period of limitation provided for the prosecution of that particular offense.

3. Intoxicating Liquors—Evidence—Competency.—Testimony introduced by the Commonwealth to the effect that numbers of people

in a sober condition were seen going to the home of defendant and within a short time returning from the direction of his home in an intoxicated condition, is competent for the purpose of showing that the article sold by the defendant was intoxicating, it being his contention that it was nothing but grape juice and was a non-intoxicating drink.

W. H. BARNES and HEAVRIN & KIRK for appellant.

C. E. SMITH, JAMES GARNETT, M. M. LOGAN, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS.—Affirming.

On June 9, 1915, Clyde Magan, E. F. Cook and C. F. Boswell, all citizens and residents of Ohio county in this State, subscribed and swore to an affidavit before John B. Wilson, county judge of the county, charging the appellant, Bruno Frey, with having in his possession intoxicating liquors in a territory where the local option law was in force and effect, with the intention of selling same contrary to the provisions of the local option law, and describing the premises of the appellant as is required by section 2572b of the Kentucky Statutes, whereupon the county judge in accordance with subdivision 1 of the section, issued a warrant directed to the sheriff of the county, authorizing him to make search of the premises described in the affidavit and to take charge of any intoxicating liquors which he might find therein. The warrant furthermore directed the sheriff that if such liquors were found on the premises to arrest the appellant and bring him before the county judge to be dealt with according to law. The search resulted in the finding of nine barrels of grape wine, each barrel containing about fifty gallons and all located in a cellar under the residence of appellant. This was taken charge of and delivered into the custody of the county judge. The appellant was also arrested and brought before the court, and before his trial the warrant was amended so as to charge him with having in his possession intoxicating liquors for the purpose of selling same in a territory where the local option law was in force. A plea of not guilty was entered, and upon trial the appellant was found guilty and from the judgment rendered upon that verdict he appealed to the Ohio circuit court. He was tried in that court on October 20, 1915, and was found guilty by the jury, it fixing his punishment at a fine of

$100.00 and confinement in the county jail for twenty days. His motion for a new trial having been overruled, he prosecutes this appeal.

Numerous grounds are relied upon for a reversal, all of which we will endeavor to consider in the progress of this opinion without a numerical statement of them.

It is insisted that the demurrer to the warrant as amended should have been sustained. This insistence is made because in the original warrant there was no specific charge made against the appellant, but it only directed the sheriff to arrest him should intoxicating liquors be found upon the premises and to return him before the county judge "to be dealt with according to law." Before the trial and before the filing of the demurrer the warrant was amended so as to charge him with the offense of having in his possession for the purposes of sale intoxicating liquors in violation of the local option law. The language of the amendment, omitting the caption, being as follows: "Comes the Commonwealth of Kentucky, plaintiff, and by leave of court amends its warrant herein and by way of such amendment states that there are reasonable grounds for believing that the defendant Bruno Frey, has committed the offense of having in his possession, June 9, 1915, spirituous, vinous and malt liquors, to-wit: wine, for the purpose of sale in Ohio county where the local option laws prohibiting the sale of spirituous, vinous, malt and other intoxicating liquors are in full force and effect. Wherefore, it prays as in its original warrant."

From this it will be seen that the charge is in language almost, if not quite, sufficiently specific to be good in an indictment, notwithstanding it has been many times decided by this court that the charge in a warrant of such offenses as can be prosecuted under the law by such process need not be stated with the technical accuracy required in an indictment. City of Louisville v. Wemhoff, et al., 25 Ky. L. R. 995; Commonwealth v. Leak, 25 Ky. L. R. 761.

In the latter case, upon the point under consideration, this court said:

"The same technical strictness is not required in a proceeding by warrant, as by indictment, and ordinarily a warrant in the form prescribed by the code sufficiently described the offense; but if made to appear to the satis-

faction of the court that a defendant cannot intelligently make defense, it should be made more specific.''

This excerpt from the Leak case was quoted with approval by this court in the Wemhoff case, *supra*. Upon the question of the right of the Commonwealth to amend the warrant, this court in that case said:

''In Commonwealth v. Robert Van Meter, MS., by Judge Cofer, decided in 1876, this court held that a warrant issued in a misdemeanor case not requiring an indictment could be amended, when it was not sufficiently specific, and that the amendment could be made in the circuit court after the appeal there, inasmuch as it would not have changed the prosecution.''

In view of these authorities, we are unable to agree with appellant in this contention.

It is insisted that upon the trial the court permitted incompetent evidence to be introduced by the Commonwealth over the objection of appellant. The testimony objected to consisted of that of several witnesses to the effect that within twelve months preceding the issuing of the warrant, they had seen numbers of persons going to the house of appellant while in a sober condition and within a short while thereafter returning therefrom in an intoxicated condition. Some of the witnesses stated that they did not see these parties on some of the occasions at the house of the appellant, while, upon other occasions, they did see them there, and the argument is made that these persons may have become intoxicated from the use of liquors obtained elsewhere than from the premises of appellant, and that, therefore, such evidence should not have been heard by the jury. The court admonished the jury during the trial that this testimony could only be considered by it for the purpose of determining whether or not the article which plaintiff had on his premises was intoxicating, and while it is possible that some of these persons so observed by the witnesses may have consumed intoxicants obtained from other sources, still we think the evidence was competent for the purposes for which it was permitted to be introduced. The intoxicating qualities of this liquid may be established, as any other fact essential to constitute a crime, by circumstantial evidence, and the jury has a right to be placed by the testimony in possession of all the facts from which a legitimate deduction as to the truth or falsity of the essential fact may be arrived at. In this character of

cases and many others it is frequently impossible to prove with mathematical certainty the facts necessary to a conviction, and the jury has a right from the surrounding circumstances to deduce from their common experiences and observations what the truth is touching the issue being investigated. The fact that persons going to a place, or are seen going toward that place, and within a short while are observed returning therefrom under the influence of some intoxicant is a strong circumstance that they obtained from that place something which produced their intoxicated condition. Moreover, there was other evidence that the contents of the barrels in appellant's cellar was grape wine, which is known to be intoxicating and a fact of which this court will take judicial notice. Gourley v. Commonwealth, 140 Ky. 221; Mitchell v. Commonwealth, 106 Ky. 602; Flanders v. Commonwealth, 140 Ky. 38; Pedigo v. Commonwealth, 24 Ky. L. R. 1029; Commonwealth v. Hearst, 23 Ky. L. R. 365; Lock v. Commonwealth, 25 Ky. L. R. 76.

It was shown by the Commonwealth, by the records of the Ohio county court, that an election was held throughout the county on November 2, 1886, for the purpose of determining whether or not spirituous, vinous or malt liquors should be sold in the county, and that there was cast in favor of the sale of such liquors 742 votes and against the sale of it 1,529 votes, the certificate of which election was spread upon the order books of the county court, as required by law, but it was not shown whether the county had continued to remain local option territory since that time, and because it is not so shown, appellant makes complaint. The fact that the county became local option territory by a majority of the votes of the county at an election called for that purpose would create the presumption that such status of the county continued unless it was affirmatively shown to the contrary. There was no effort made by the appellant to show that any subsequent election upon the subject had been held in the county or that anything had occurred to change the status of the county in this respect.

We therefore find no merit in the objections to this testimony introduced by the Commonwealth.

Complaint is made that the instruction given by the court permitted the jury to find the defendant guilty if they believed from the evidence beyond a reasonable doubt that appellant had in his possession intoxicating

liquors for the purposes of sale within *twelve months* before the issuing of the warrant. The language of the warrant did not attempt to confine the offense with which appellant was charged to the particular date of the affidavit, but only that he was guilty of the offense denounced by the statute. If he was guilty of such offense at any time within the limitation period for which he could be prosecuted, which is twelve months, it would be perfectly competent for the Commonwealth to prove it, and whatever it is competent to prove is likewise competent to be submitted to the jury under the instructions of the court. Time is not of the essence of this offense only in so far as it is not beyond the limitation period, and under the Criminal Code of Practice, section 129, it is not necessary that the time of the commission of the offense should be accurately stated, even in an indictment, but only that it should be stated to have been committed before the finding of the indictment, unless, of course, time is a material ingredient in the indictment. It is not a material ingredient in the offense with which the appellant was charged, and if it is not necessary to accurately state the time of the commission of an offense in an indictment, it is difficult to see wherein it would be necessary to so state it in a warrant when, as we have before seen, the offense in the latter need not be stated with as much particularity as in the former. Paul v. Commonwealth, 159 Ky. 840; Commonwealth v. Miles, 140 Ky. 579; Williams v. Commonwealth, 18 Ky. L. R. 667; Combs v. Commonwealth, 27 Ky. L. R. 273.

It is again insisted that although the evidence might have shown that the beverage was intoxicating, still the court should have ordered an acquittal of the appellant because it was not shown he had same in his possession for the purpose of selling it. It is scarcely worth while to burden this opinion with any lengthy consideration of this objection.

At least two witnesses testified that they bought quantities of this beverage outright and paid the appellant for it. Numbers of others testify that they obtained quantities of it on different occasions, and would leave the money on the heads of barrels, kegs, and on the door steps of the cellar, which method is such an old and cheap trick as to have become as much or more convincing proof of the sale as that of an outright purchase. We find no ground whatever for this contention.

Lastly, it is claimed that the court erred in refusing a continuance asked by appellant and supported by an affidavit. The affidavit states the absence of witnesses who had been subpoenaed and what their testimony would be if present. The Commonwealth agreed that it should be read as the depositions of the absent witnesses, but upon the trial the appellant did not see proper to read the affidavit or offer to read it, and he does not make this alleged error a ground for a new trial, which, under the repeated decisions of this court is a waiver of it and prevents it from being considered on appeal.

The alleged improper argument of counsel for the Commonwealth in the closing argument to the jury can not be considered by us because it is nowhere made a part of the record by a bill of exceptions and is presented for the first time in the motion for a new trial. Under repeated rulings of this court, this objection under such circumstances, can not be considered.

We are thoroughly convinced that the appellant has had a fair and impartial trial, and the judgment is affirmed.