## Deer v. Commonwealth.

(Decided September 29, 1922.)

### Appeal from Greenup Circuit Court.

Intoxicating Liquors—Directing Verdict.—Where the indictment charged defendant with keeping for sale "malted intoxicating liquor, a concoction known as 'home brew,' " and there was no evidence that the beverage kept and sold under that name by defendant was intoxicating or that the name "home brew" was a spurious name for beer or other malt liquor judicially known to be intoxicating, the court erred in refusing to direct a verdict for the defendant.

THOMAS E. NICKEL and E. E. FULLERTON for appellant.

CHAS. I. DAWSON, Attorney General, THOS. B. McGREGOR, Assistant Attorney General, and JOHN F. COLDIRON for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

The defendant was charged by the indictment with keeping for sale "malted intoxicating liquor, a concoction known as 'home brew,' " and upon trial was convicted and his punishment fixed at a fine of $225.00 and imprisonment in the county jail for 45 days.

The Commonwealth proved and the defendant admitted the possession for sale of a beverage called "home brew," but he and all of his witnesses, as well as one of the two witnesses introduced by the Commonwealth, testified it was not intoxicating; while the other witness for the Commonwealth simply stated that it looked like beer, tasted like beer, and had a flat, sour smell, but he did not say it was intoxicating, and no witness testified that it contained any alcohol.

In the case of Gourley v. Commonwealth, 140 Ky. 221, 131 S. W. 34, the defendant was convicted of selling malt liquor upon evidence that he had sold "malt mead," which looked, tasted and smelled like beer, without proof that it was intoxicating, and this court reversed the judgment upon the ground that the court erred in refusing to instruct the jury to find the defendant not guilty. In that case the court held, as in many others, that it would take judicial notice that spirituous and vinous liquors such as whiskey, brandy, wine, rum and gin, as well as the malt liquors commonly known as beer—whether it be common, lager or bock beer—are intoxicants, and that it was therefore unnecessary to prove that such liquors were intoxicating, but that while "malt mead" probably came within

the general definition of a malt liquor, it was not enough to show a sale of it unless accompanied by evidence that it was an intoxicating liquor or a spurious name for one of the beers above mentioned.

The same conclusion is inevitable with reference to the "home brew" involved here, since, while the evidence shows it contained malt, but not in what quantity, both the indictment and the evidence show it was not common beer, since the former describes it as a "malted intoxicating liquor, a concoction known as 'home brew,' " and the latter shows it was made by defendant at his home by boiling hops, malt and isinglass in ten gallons of water for about 45 minutes. These facts clearly distinguish it from Flanders v. Commonwealth, 140 Ky. 38, 130 S. W. 809, upon which the Commonwealth relies, since in that case the defendant was simply charged with selling malt liquor, not otherwise described and evidently meaning common beer, and the evidence showed that though sold as "Dr. Fizz," it looked, tasted and smelled like common beer, was manufactured and sold under special tax licenses from the Federal government to manufacture and sell spirituous, vinous and malt liquors, and the manufacturer, admitting it contained possibly 1% alcohol, refused to disclose its ingredients.

We are, therefore, of the opinion that the court erred in not peremptorily instructing the jury to find the defendant not guilty. This conclusion renders unnecessary a consideration of the other errors assigned.

Judgment reversed, with directions for a new trial.