## Bean v. Commonwealth.

(Decided October 10, 1924.)

### Appeal from Daviess Circuit Court.

1. Criminal Law—Competency of Testimony Given Without Objection and Repeated on Cross-Examination Not Reviewed.—Where witnesses drinking home-brew testified, without objection, that it was intoxicating, and were made to repeat the statement on cross-examination, competency of the evidence could not be questioned on appeal.
2. Criminal Law—Evidence Held Sufficient to Take Question of Intoxicating Character of Home-Brew to Jury.—Testimony of several witnesses who drank home-brew that it was intoxicating was sufficient to carry question of intoxicating character to jury.
3. Criminal Law—Failure of Instruction to Give Date of Indictment or Fix Date of Sale of Intoxicating Liquor Not Prejudicial.—Instruction permitting conviction for sale of intoxicating liquor within twelve months preceding indictment, without giving date of indictment or otherwise fixing date of sale, could not have been prejudicial, where indictment was read to jury, and it and evidence showed that sale was made within twelve months next before indictment, and defense was denial of sale.

FLOYD J. LASWELL for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant was convicted of selling home brew, alleged to be an intoxicating liquor.

His first complaint is that the court erred in refusing to direct his acquittal because there was no competent proof the liquor was intoxicating. The two witnesses who bought it, however, testified without objection upon direct examination that they each drank a bottle of it, and that it was intoxicating, and each was made to repeat the statement upon cross-examination.

It is therefore clear the competency of this evidence cannot now be questioned, and that it was amply sufficient to carry the case to the jury.

Neither of the cases relied upon, Gourley v. Commonwealth, 140 Ky. 221, 131 S. W. 34, and Deer v. Commonwealth, 195 Ky. 761, 243 S. W. 1028, lends any support to the contention, since they simply hold that home brew, malt mead and the like are not judicially known to be intoxicating, and that therefore a conviction cannot be had for a sale thereof without proof that it is intoxicating.

The next and only other complaint is that the first instruction given by the court is fatally defective because it permits a conviction if the jury believe from the evidence, to the exclusion of a reasonable doubt, that the defendant, in Daviess county, Kentucky, and within twelve months next before the finding of the indictment, unlawfully sold, etc., without giving the date of the indictment or otherwise fixing the date of the sale.

The indictment, however, was read to the jury, and both the indictment and the evidence show that the sale was made within twelve months next before the indictment, and while the instruction is defective in this respect, it is perfectly plain that the appellant was not and could not have been prejudiced thereby, since his only defense was a denial of the sale charged and proven to have occurred about the first of January, 1924, and within less than two months before the indictment was returned. See Frey v. Commonwealth, 169 Ky. 528, 184 S. W. 896; Milburn v. Commonwealth, decided October 3, 1924.

Judgment affirmed.