## Phillips v. Commonwealth.

(Decided December 5, 1924.)

### Appeal from Daviess Circuit Court.

1. Searches and Seizures—Search Warrant Held Sufficiently to Describe House to be Searched.—Search warrant held sufficiently to describe house to be searched.

2. Intoxicating Liquors—Search Warrant Held Sufficient.—Where federal search warrant did not describe house searched as defendant's residence, and the evidence did not establish fact or residence, but conclusively showed that defendant used house as a club house, it was not necessary that the warrant, or its supporting affidavit, state that the liquor was possessed for sale, or that house was used for some business purpose, such as a store, saloon, etc.

3. Searches and Seizures—Testimony Held to Show Search was Made After Issuance of Search Warrant.—In prosecution for unlawful possession of whiskey, testimony held to show search was made after issuance of search warrant.

4. Criminal Law—Intruction Held Erroneous in Failing. to Give Date of Indictment, But Not Prejudicial.—Instruction held erroneous in failing to give date of indictment to enable jury to determine, as required by instructions, whether offense was committed within twelve months next before finding of indictment, but not prejudicial, where the evidence clearly established that offense was committed within such period.

FLOYD J. LASWELL for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for Appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant was convicted of possessing whiskey unlawfully, and for reversal of the judgment complains that the search warrant under which the evidence of guilt was obtained was illegal, and that the instructions were erroneous.

It is first urged that the search warrant does not sufficiently describe the house to be searched, but this

contention is obviously without merit, since the house is thus described in the warrant:

> "A certain brick and wood frame house located near the Ohio river, east of the city of Owensboro, Daviess county, Ky. . . . The said building is two room brick and two or three rooms wood frame, five rooms more or less, being the premises of Ivory Phillips, or under his control, and some other parties unknown to the affiant."

See Walters v. Commonwealth, 199 Ky. 182, 250 S. W. 839; Ingram v. Commonwealth, 200 Ky. 284, 254 S. W. 894.

The next insistence is, that since the house searched was the residence of defendant, and the search was made under a federal warrant, it was unauthorized and illegal because it is not stated in either the warrant or its supporting affidavit that the liquor was possessed for the purpose of sale, or that the house was used for some business purpose such as a store, saloon, residence, hotel, or boarding house.

If the house searched had been described in the warrant as the residence of the defendant, or this fact had been established by the evidence, this argument would have been sound. U. S. v. Kelih, 272 Fed. 484; Singleton v. U. S., 290 Fed. 130; Roberts v. Commonwealth, 206 Ky. 75, 266 S. W. 880. But there is no suggestion in either the warrant or the affidavit that the house to be searched was the residence of the defendant, and it is conclusively established by the evidence for the Commonwealth that he conducted therein a club house, or place of amusement and entertainment, and furnished his patrons with lunches, lodging, and tables for cards and dice, presumably for hire. It is not even made clear that he resided there, and as he did not testify, it is obvious that this case is not within the doctrine of those cited above, that this search warrant was not illegally issued, and that the court did not err in refusing to exclude the evidence obtained thereby.

Another insistence is, that the proof fails to show that the search was made after the search warrant was issued. This is based upon the fact that the witnesses could not remember or state accurately the date of the search, but all of them stated that at the time they had the search warrant and searched the premises upon authority thereof.

There is therefore no merit in this contention.

The final insistence is, that the first instruction given is erroneous, in that it fails to give the date of the indictment, and that as a consequence it leaves the jury without means of determining, as required by the instructions, whether or not the offense was committed within the twelve months next before the finding of the indictment.

That this is error but not prejudicial where, as here, it was clearly established that the offense was committed within twelve months next before the finding of the indictment, is well settled. Bean v. Commonwealth, 204 Ky. 780, 265 S. W. 318; Frey v. Commonwealth, 169 Ky. 528, 184 S. W. 896; Milburn v. Commonwealth, 204 Ky. 691, 265 S. W. 25.

Wherefore the judgment is affirmed.