## Commonwealth v. Miles.

(Decided November, 11, 1910.)

### Appeal from Taylor Circuit Court.

1. Criminal Law—Indictment for Perjury—Necessary Allegations.—An indictment for perjury which charges that the defendant M., faslely swore that one T. was not at a certain named church on the third Sunday in July, 1909, or any other Sunday in July, 1909, when in fact he M., was not at said church on the third Sunday in July, though awkwardly expressed, charges with reasonable perspicuity that M. falsely and knowingly testified to a fact as within his knowledge which in truth he had no knowledge of. The statement "when he Albert Miles was not present at said church and did not know whether he was there on the third Sunday or not," means to charge that Miles was not at church on that date and did not know whether he was there or not there, the last pronoun relates to T. not to Miles.

2. Willful Misstatement of Material Facts.—If one willfully and corruptly swears to a fact as of his own knowledge when in truth he had not the knowledge it is perjury if the matter be under judicial investigation and the testimony be material to the issue,

nor does it matter that the statement be true, if the witness did not know it to be so.

3. Misdemeanors—Allegation in Indictment.—It is competent for the Commonwealth in an indictment for a misdemeanor to charge without respect to a particular date that the offense was committed in the county of the indictment within one year before the presentment by the grand jury and then prove that the act was committed on any day within that year.

C. S. HILL, JAMES BREATHITT, Attorney General; TOM Mc-GREGOR, Assistant Attorney General, for appellant.

(No brief for appellee.)

OPINION OF THE COURT BY JUDGE O'REAR—Reversing.

The circuit court sustained a general demurrer to the following indictment, and the Commonwealth appeals:

"The grand jury of Taylor county, in the name and by the authority of the Commonwealth of Kentucky accuses Albert Miles of the crime of perjury committed as follows, viz.: The said Albert Miles on the tenth day of January, 1910, and within twelve months before the finding of this indictment in the county and Commonwealth did on his examination as a witness, being duly sworn by the judge of the Taylor circuit court to testify the truth, the whole truth, and nothing but the truth on the trial of the case of the Commonwealth of Kentucky v. Lloyd Tracenrider, in the Taylor circuit court, said judge having authority to administer such oath and said Lloyd Tracenrider being tried for unlawfully interrupting and disturbing a congregation of persons met for and engaged in the worship of God at Morton's Chapel Church on the — day of July, 1909, in Taylor county, Kentucky, by, then and there talking loud and being drunk, said witness Albert Miles feloniously, falsely, and corruptly testified as a witness at said trial after being duly sworn as aforesaid that Lloyd Tracenrider was not at said Morton's Chapel Church on the third Sunday in July, 1909, or any other Sunday in July, 1909, when in fact he Albert Miles was not at said church and did not know whether he was there on the third Sunday in July, 1909 or not there on said date, the matter so testified being material and the said testimony being willfully and corruptly false and so known to be by said Albert Miles; contrary to the form of the statute in such cases made and provided, and against the peace and the dignity of the Commonwealth of Kentucky."

Though awkwardly expressed, we think it clear that the .indictment charges with reasonable perspicuity that Miles falsely, corruptly, and knowingly testified to a fact as within his knowledge which in truth he had no knowledge of. The statement "when he, Albert Miles, was not present at said church, and did not know whether he was there on the third Sunday or not," means to charge that Miles was not at the church on that date and did not know whether Tracenrider was there or was . not there. The last pronoun relates to Tracenrider, not to Miles.

If one willfully and corruptly swears to a fact as of his own knowledge, when he in truth had not the knowledge, it is perjury, if the matter be under judicial investigation, and the testimony be material to the issue. Nor does it matter that the statement be true, if the witness did not know it to be so. (Sec. 1246, Wharton Cr. Law, People v. McKinney, 3 Parker C. R. 510; State v. Gates, 17 N. H. 373; State v. Knox, Phillips, N. C. L. 312.) So, in the case at bar, though it be true that Tracenrider was not at the church on the date stated, still if the witness did not know it, yet swore that he did, and not having probable ground for such belief, he is guilty of perjury.

Disturbing a religious gathering is a misdemeanor in this state. (Sec. 1267, Ky. Stats.) It is competent for the Commonwealth in indicting for that offense to charge without respect to a particular date, that the offense was committed in the county of the indictment within one year before the presentment by the grand jury, and then prove the act to have been committed on any day within that year. (Sec. 129, Cv. Code; Commonwealth v. Cain, 14 Bush, 525; Williams v. Commonwealth, 18 Rep. 667; Combs v. Commonwealth, 27 Rep. 273.) If the Commonwealth chooses to confine itself to a particular date or shorter period, it may do so by so forming the charge in the indictment, as was done in this instance. It was therefore relevant to be proven, and, a fortiori, to be disproved, that the person accused of disturbing the assemblage was not present at any time during the period covered by the indictment. The testimony appears, on its face, to have been material and relevant.

The demurrer to the indictment should have been overruled.

Reversed, and remanded for proceedings consistent herewith.