## Paul v. Commonwealth.

(Decided October 1, 1914.)

### Appeal from Henry Circuit Court.

1. Indictment—Inconsistent Statement in—When Not Material.— Where an indictment was returned September 16, 1913, alleging a sale of liquor to have occurred July 4, 1912, and the further fact that the sale occurred within twelve months just prior to the finding of the indictment, the evidence showing a sale within twelve months before defendant was indicted, the inconsistent statement is not fatal.

2. Indictment—Element of Time That is Material in Misdemeanor Indictment.—The element of time that is material in a misdemeanor indictment is the fact that the offense was committed within twelve months of the finding of the indictment. (Section 129, Criminal Code; Section 1138, Kentucky Statutes.)

W. P. THORNE and W. O. JACKSON for appellant.

JAMES GARNETT, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

The appellant, B. F. Paul, was indicted, tried and convicted for selling liquor in Henry County, in violation of the local option law. He was fined $100 and sentenced to imprisonment in the county jail for forty days.

The part of the indictment involved in this appeal is as follows:

"The said Frank Paul, in the said County of Henry, on the 4th day of July, 1912, and before the finding of this indictment, within twelve months just prior to the finding of this indictment, did unlawfully sell, barter and loan to Ive Kelly, spirituous, vinous and malt liquors."

As the indictment was returned on September 16th, 1913, and alleges the sale to have occurred July 4th, 1912, and the further fact that this sale occurred within twelve months just prior to the finding of the indictment, there is an inconsistency. The specific date in the indictment is more than fourteen months before the indictment was found. The question presented, then, is whether this inconsistency is fatal.

The appellant contends that the date named, July 4th, 1912, is the material time, and that the Commonwealth is bound by it, and that the statement following is mere surplusage, where it is charged that the sale was made within twelve months just prior.

Ive Kelly was the only witness introduced, and he swears that he purchased two pints of whiskey from the appellant on Decoration Day in May, 1913. So there is no question of fact in the case, for it stands undisputed that the appellant did sell the whiskey within twelve months before he was indicted.

It is probable that the draftsman of the indictment got his holidays confused and inadvertently used the figure 2, instead of 3 in his dates. The Commonwealth contends that the date named is surplusage, and that the indictment is sufficient, because it avers that the sale occurred within twelve months just before the finding of the indictment.

Section 1138, Kentucky Statutes, requires that prosecutions of this character shall be commenced within one year after the offense was committed.

Section 129 of the Criminal Code declares that the time at which the offense was committed, "is not mate-

rial, further than as a statement that it was committed before the time of finding of the indictment, unless it be a material ingredient in the offense.''

From these sections of the Statute and Code it will be seen that the element of time that is material in a misdemeanor indictment is the fact that the offense was committed within twelve months just preceding. The only time necessary to be averred in an ordinary misdemeanor indictment is such as to show on its face that the prosecution is not barred by limitation.

In Jones v. Commonwealth, 1 Bush 34, an indictment was found at the May term, 1865, which charged that the offense was committed on the ............... day of July, 1865. The court held the indictment good, notwithstanding the inconsistent date, because the indictment in express terms charged the offense to have been committed before the finding thereof.

In C. & O. Ry. Co. v. Commonwealth, 88 Ky., 370, two indictments were found against the defendant on the same day, charging it with obstructing a road with its cars. Each charged that the offense was committed at the same time, substantially in the same language. The defendant was acquitted under one indictment and offered the judgment in this case as a bar when placed on trial on the other. In overruling this plea, this court said:

''It is true the indictments were found upon the same day; they were for the same character of offense; they covered the same period of time, because the statutory limitation under our law to such a prosecution is one year; but the time named in them as being that when the offense was committed was not material, and each obstruction was a distinct offense. The State was not confined to any particular time, but had the right to show that the appellant had so offended at any time within a year previous to the finding of the indictment.''

In Commonwealth v. Miles. 140 Ky., 579, the court uses this language:

''It is competent for the Commonwealth in indicting for that offense (a misdemeanor) to charge, without respect to a particular date, that the offense was committed in the county of the indictment within one year before the presentment by the grand jury, and then prove the act to have been committed on any day within that year.'' Williams v. Commonwealth, 18 Ky. L. R., 667; Combes v. Commonwealth, 27 Ky. L. R., 273.

It follows, then, that where an indictment charges the offense to have been committed within the twelve months just preceding, and this charge is sustained by the proof, a conviction under it must be upheld, although it further appears from the indictment that a sale was charged to have occurred on a particular date not within the twelve months.

·For reversal, the appellant relies upon the case of Williams v. Commonwealth, 18 Ky. L. R., 667, and others of similar import. In the Williams' case, an indictment was returned on November 12, 1895, charging that Williams "On the _____ day of November, 1890, in the county and state aforesaid, and before the finding of this indictment, did unlawfully and wilfully point a deadly weapon," to-wit: "a pistol, at F. G. Blinker, etc." It was not charged that the offense was committed within twelve months before the finding of the indictment, and from the date given it would appear that the offense was committed about five years before. Of course, where the only time stated in the indictment for the commission of the offense is a particular date, and that date is not within the period of limitation, a demurrer to it should be sustained. In the case at bar, it is charged the offense was committed within twelve months just before the finding of the indictment, and is, therefore, unlike the Williams case.

The judgment of the lower court is affirmed.