## Gardner v. Commonwealth.

(Decided September 27, 1916.)

### Appeal from Grant Circuit Court.

1. **Intoxicating Liquors—Criminal Prosecutions—Evidence.**—Where intent to sell liquor in one's possession is not an ingredient of the offense defined by the statute, the trial court properly excluded testimony of defendant that he obtained whiskey for his own use and not for sale and did not sell any of it.

2.  Intoxicating Liquors—Criminal Prosecutions—Sufficiency of In-
    dictment.—An indictment charging that defendant had whiskey
    in his possession while holding a Federal license to retail malt
    . liquor, failed to charge a violation of the provisions of section
    2569b, subsection 1, Kentucky Statutes, as it is the meaning of
    that statute that one must buy, etc., or have in his possession the
    kind of liquor for the sale of which he holds a Federal license, to
    be guilty of a violation of its provisions.
3.  Intoxicating Liquors—Criminal Prosecutions—Sufficiency of Evi-
    dence.—Where the facts alleged in an indictment are insufficient
    to constitute an offense, evidence which only proves such facts
    is insufficient to authorize a verdict of guilty.

J. J. BLACKBURN for appellant.

M. M. LOGAN, Attorney General, and D. O. MYATT, Assistant
Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

The appellant, J. W. Gardner, was tried and by ver-
dict of a jury convicted and given a fine of $60.00 in
the Grant circuit court, under an indictment charging
him with having in his possession whiskey in local
option territory, while holding a license from the Fed-
eral government, authorizing him to sell malt liquors in
such territory, alleged to be a violation of the pro-
visions of section 2569b, subsection 1, Kentucky Stat-
utes. He has appealed from the judgment of convic-
tion.

It was shown by the evidence heard on the trial that
the appellant is a grocery and dry goods merchant,
whose residence and place of business is at Dry Ridge,
Grant county, Kentucky, and that the local option law
is in force in that county; that he received November
29, 1915, from the Southern Express Company, at Dry
Ridge, a gallon of whiskey, contained in four bottles
holding a quart each, which had been shipped him from
Erlanger through that company by one J. L. Holton.
Appellant testified that the whiskey was obtained for
his own personal use and not for sale and that no part
of it was sold by him. This testimony, however, was
objected to by the Commonwealth's attorney and prop-
erly excluded by the trial court, as an intention to sell
the liquor is not an ingredient of the offense defined by
this statute. It also appears from the Commonwealth's
evidence, and was admitted by the appellant, that at the
time he received the whiskey in question, he had an in-

ternal revenue receipt; certificate or license, issued him by the collector of internal revenue for the Sixth District of Kentucky, which authorized him to sell by retail malt liquors for a year from July 1, 1915, and was in full force and effect on November 29, 1915, when the four quarts of whiskey were received by him. It further appears from appellant's own testimony that he was then selling at his place of business in Dry Ridge a malt drink known as "Maltina." Although this drink is claimed to be a non-intoxicant, a Federal license is required to sell it.

At the close of all the evidence the court instructed the jury as follows:

"The court instructs the jury that defendant admits that, at the time complained of in the indictment, to-wit, November 29, 1915, he held and possessed a license from the United States to sell by retail malt liquors; and he also admits that on the said November 29, 1915, he received from the expressman in Dry Ridge, Kentucky, four (4) quarts of spirituous liquor, to-wit, whiskey.

"You will, therefore, find defendant guilty and fix his punishment at a fine of not less than $50.00 nor more than $200.00, and the costs of this prosecution, or at confinement in the county jail for not less than thirty days nor more than three months, or both so fine and imprison him, in your reasonable discretion."

To the foregoing instruction appellant objected and excepted.

The question first presented for consideration is whether the facts alleged in the indictment constitute an offense under the statute. This question was raised by the demurrer filed by appellant to the indictment, which the circuit court overruled. The solution of this question involves a construction of the statute, which is as follows:

"Any person in any county, district, precinct, town or city in this State where the sale as a beverage of vinous, malt, brewed, fermented, spirituous or intoxicating liquor is prohibited by law, who has paid the United States internal revenue tax permitting the sale of any such liquors, shall be deemed to have paid such tax with an intent to violate the prohibitory laws of this State, or of such county, district, precinct, town or city, and it shall be unlawful for any such person to buy, bargain for, accept, receive, hold or possess any such liquors."

While the primary object of all statutes on this subject is to prevent the sale of any kind of intoxicating liquor in territory where the sale of such liquor is prohibited by law, this statute in meaning goes much farther than any of those referred to, and it is insisted for the Commonwealth that its object is to forbid the possession of intoxicating liquor of any kind by any person in dry territory, even for his own use, if he at the same time holds a license from the Federal government authorizing him to sell in such territory, liquor, though it be of a different kind. While the salutary purpose intended to be subserved by the enactment of the statute may well be conceded, such a construction of it as is here demanded by counsel for the Commonwealth, is too narrow for our acceptance and not authorized by any reasonable meaning to be given its language. In our opinion the statute makes the payment of the Federal revenue tax, evidenced by the certificate or license to sell in the dry territory the intoxicating liquor therein named, which it issues to the person paying the tax, together with his possession of intoxicating liquor in such territory, evidence of his intention to violate the statute, provided the liquor is of the kind the license from the Federal government authorizes him to sell. Therefore, when the statute declares that anyone paying the revenue tax permitting the sale of "any such liquors" shall be deemed to have paid such tax with an intent to violate the prohibition law, and that it shall be unlawful for "any such person" to buy, bargain for, accept, receive, hold or possess "any such liquors," its meaning is to confine the kind of liquor held or possessed to the kind authorized to be sold by the certificate or license showing the payment of the revenue tax. The interpretation would also result from the application of the constructive rule *ejusdem generis.*

So it follows from the conclusion expressed that as the license appellant held from the Federal government authorized him to sell only malt liquors in Grant county, the dry territory, the fact that while holding such license he also received and had in his possession in that county whiskey, which is not a malt but a spirituous liquor, constituted no offense under the statute.

As the indictment charges that the liquor which appellant had in his possession was whiskey and that the United States internal revenue tax paid by him per-

mitting the sale of malt liquors alone, it failed to charge or allege a violation of the provisions of the statute, *supra,* or any offense thereunder; hence the trial court should have sustained appellant's demurrer to the indictment.

As the facts alleged in the indictment do not constitute an offense under the statute, the evidence introduced to prove the facts alleged in the indictment likewise failed to manifest any offense thereunder; therefore the verdict was unauthorized by the evidence. As the judgment must be reversed for the reasons already indicated, it is unnecessary for us to pass upon the objections urged by appellant to the instructions or to pass upon other questions incidentally urged for a reversal.

Judgment reversed and cause remanded for a new trial and other proceedings consistent with the opinion. Whole court sitting.