### Commonwealth v. Hubble.

(Decided September 25, 1917.)

### Appeal from Pulaski Circuit Court.

1. **Intoxicating Liquors—Distiller With a Federal License—Criminal Prosecutions.**—Under section 2569b of the Kentucky Statutes a distiller of brandy, who has a Federal license to sell spirituous liquors, is guilty of violating the statute if he has whiskey in his possession during the life of the license.

2. **Intoxicating Liquors—Distiller With a Federal License.**—A distiller with a Federal license to sell spirituous liquor can only claim immunity from the penalty of the state statute when he has in his possession the kind of spirituous liquor that he is engaged in making as a distiller.

3. **Intoxicating Liquors—Distiller With a Federal License.**—An indictment charged that the accused had whiskey in his possession in October, 1916, at which time he did not have a Federal license. But he had in his possession whiskey after the issual

of the license and before the finding of the indictment, and could be convicted of violating the statute for having the whiskey after the date of issual of the license.

4. **Intoxicating Liquors—Distiller With a Federal License.**—Whether a person can be indicted under section 2569b of the Statutes for having liquor in his possession at a time when he did not have a Federal license, although he subsequently procured a license that was dated back to cover such time, is not decided.

5. **Indictment and Information—Statement as to Time—Misdemeanors.**—Under section 129 of the Criminal Code the statement in the indictment as to the time when the offense was committed is not material.

M. M. LOGAN, Attorney General, and W. N. FLIPPIN, Commonwealth's Attorney, for appellant.

WILLIAM M. CATRON for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

The indictment in this case, which was returned by the grand jury of Pulaski county at its February term, 1917, charged the appellee, Hubble, with the offense of "having in his possession spirituous liquors in local option territory while holding a Federal license authorizing him to sell such liquors in said territory, committed in manner and form as follows: the said Hubble on October 26, 1916, before the finding of this indictment, in the county and state aforesaid, and within twelve months before the finding of the indictment, did unlawfully buy, bargain for, accept, receive, hold and possess spirituous liquors, he at the time holding and having paid for a United States Internal Revenue license authorizing him to sell such liquors in said territory, in violation of the local option law at the time in full force and effect in said county."

The case was submitted to the judge of the circuit court on the following agreed state of facts: "It is agreed that the defendant, C. P. Hubble, is a resident citizen of Pulaski county, Kentucky; that said defendant was a distiller of brandy in said county, and operated his still from the 7th day of August, 1916, to the 7th day of November, 1916; that on the 2nd day of January, 1917, defendant received from the office of the Deputy Collector Eighth District of Kentucky the following letter: 'Treasury Department, Internal Revenue Service, Office of the Deputy Collector, Eighth District of Kentucky, Stanford, Ky., Jan. 2, 1917.

" 'Dear Hubble:

" 'The collector has placed in my hands a distraint warrant against you for $36.10 tax as a retail liquor dealer. It seems that your statement to him last fall that you had not sold brandy to any one in less than gallon lots did not satisfy him, and he has put the warrant in my hands against you. Please remit this week. Respectfully, H. R. Saufley, D. C.'

"That upon receipt of said letter the defendant on the 5th day of January, 1917, remitted to said revenue department the said amount as requested and said department issued to him the special stamp tax on retail liquor license No. 178399 for the period from August 1, 1916, to June 30, 1917; that defendant had in his possession in Pulaski county, Kentucky, whiskey he had received at Eubanks, Kentucky, from the Southern Express Co., as follows: Oct. 26, 1916, one gallon; November 28, 1916, one gallon; December 12, 1916, one gallon and a half; January 2, 1917, one-half gallon; January 11, 1917, one gallon; January 17, 1917, one-half gallon; January 27, 1917, one gallon; all of said liquor having been ordered by defendant from some liquor house outside of Pulaski county. That defendant was not at any of the times referred to in the indictment a druggist, nor a wholesale dealer in whiskey, nor a brewer, nor a distiller of whiskey, the distilling referred to herein being that of brandy. That the license herein referred to authorized the defendant to retail whiskey and brandy at Todd, Pulaski county, Ky., the place where he operated the distillery herein referred to. That at all times referred to in the said indictment the local option law was in full force and effect in Pulaski county, Kentucky."

On these facts the lower court adjudged Hubble not guilty, and the Commonwealth appeals.

The indictment was found under that part of an act of 1914 that is now section 2569b of the Kentucky Statutes, reading as follows: "Any person in any county, district, precinct, town or city in this state where the sale as a beverage of vinous, malt, brewed, fermented, spirituous or intoxicating liquor is prohibited by law who has paid the United States internal revenue tax permitting the sale of any such liquors, shall be deemed to have paid such tax with an intent to violate the prohibitory laws of this state, or of such county, district, precinct, town or city, and it shall be unlawful for any such person to buy, bargain for, accept, receive, hold or

possess any such liquors. *Provided, however,* That none of the foregoing provisions of this section shall apply to . . . distillers engaged in the manufacturing of such liquors in said prohibition territory.''

In determining the case it will help to keep in mind the following facts: (a) The indictment found in February, 1917, charged that Hubble, on October 26, 1916, while having a Federal license to sell spirituous liquor, did buy and have in his possession spirituous liquor which the agreed facts show was whiskey; (b) Hubble was, at the time, and from August 7, 1916, to November 7, 1916, a distiller of brandy; (c) on January 5, 1917, pursuant to a notice that he had been violating the Federal law prior to that time, there was issued to him by the Federal Government a license authorizing the sale of spirituous liquors, which includes whiskey, from August 1, 1916 to June 30, 1917; it will be observed that the license was ante-dated so as to cover the time from August 1, 1916, to the date of its issual in January, 1917; (d) in October, November, December and January Hubble purchased and had in his possession various quantities of whiskey; (e) some of this whiskey was obtained and in his possession before the date of the issual of the Federal license, and some of it was obtained and in his possession after the date of the issual of the license, but all of it was obtained and in his possession during the time covered by the license.

In support of the judgment the argument is made by counsel for Hubble that the Federal license was not procured for the purpose of enabling him to purchase or have in his possession the whiskey that he did purchase and have in his possession, but to relieve him from the violation of the Federal statute that has been committed by him in selling in the fall of 1916 as a distiller brandy in less than five gallon lots; that as the Federal license was not obtained for the purpose of protecting him from prosecution by the Federal Government while he was engaged in violating the laws of the state, the statute has no application; that the Federal license was not paid for or obtained until after the date named in the indictment when the offense was committed.

It is not a violation of the statute for a distiller to have a Federal license authorizing him to engage in the manufacture of or have in his possession the character of liquor he is distilling. And as Hubble was a distiller of the spirituous liquor known as brandy, the

fact that he procured a Federal license authorizing him to purchase, have in his possession and sell brandy, did not constitute a violation of the statute. If he was guilty of a violation of the statute, it was because he had in his possession during the life of the license, and before the indictment was found, the spirituous liquor known as whiskey. Except for the fact that Hubble was a distiller of brandy and as such distiller exempted from the operation of the statute, so far as the possession of brandy was concerned, there could of course be no doubt of his guilt under the statute, because the two things necessary to constitute his guilt concurred, to-wit, the possession of a Federal license authorizing the sale of spirituous liquors, and the possession of spirituous liquors within the time covered by the indictment.

But the fact that Hubble was a distiller and had the right, without violating the state statute, to procure a Federal license authorizing him to have in his possession and sell brandy, does not save him from the penalty of the statute if he had in his possession whiskey, because he was not engaged in the manufacture of whiskey. It was only as a distiller of brandy that he had the right, without violating the state law, to procure a Federal license, and this license did not furnish him any protection from the penalties of the state statute if he had in his possession whiskey. The Federal license authorized him to sell spirituous liquors, which includes whiskey as well as brandy, and if a distiller of whiskey could purchase and have in his possession brandy, or if a distiller of brandy could purchase and have in his possession whiskey, it is clear that a distiller of either one of these articles could persistently violate not only the spirit but the letter of the state statute by purchasing and having in his possession a spirituous liquor that the state law did not authorize him as a distiller to purchase or have possession of. A distiller with a Federal license to sell spirituous liquor can only claim immunity from the penalty of the state statute when he has in his possession the specific spirituous liquor that he is engaged in making as a distiller, and the exemption in the statute affords him no protection whatever if he has in his possession a character of spirituous liquor in the manufacture of which as a distiller he is not engaged.

Another question is, whether a person can be convicted under the statute of having liquor in his possession during the period covered by his Federal license when

the license was not issued until after the date of the commission of the offense charged in the indictment, although the license when issued was ante-dated so as to cover the date fixed in the indictment.

The indictment was found in February, 1917, and the Commonwealth, under repeated decisions of this court, was not confined in the introduction of evidence to the date fixed in the indictment, but had the right to cover the whole time within one year previous to the finding of the indictment, and if Hubble had whiskey in his possession at any time within the year, having at the same time a Federal license, he could be convicted under the state statute. Com. v. Miles, 140 Ky. 577; Shirley v. Com., 143 Ky. 183; Morgan v. Com., 172 Ky. 684; Frey v. Com., 169 Ky. 528.

In this case the agreed state of facts show that Hubble had in his possession whiskey, not only on October 26, 1916, the date specified in the indictment, and which was before the date of the issual of the Federal license, but also on January 17th and January 27, 1917, which was after the date of the issual of the Federal license, and during the time covered by it; and so, even should we concede, for the sake of argument, that a conviction could only be had for having in possession whiskey after the date of the issual of the Federal license, Hubble, according to the agreed state of facts, was guilty under the state statute of having in his possession whiskey procured by him on January 17th and 27th, 1917. Whether it is indispensable to constitute a violation of the statute that the liquor should be in the possession of the license holder during the life of the license and after the actual date of its issual, if, in fact, the license was ante-dated so as to embrace a period of time before it was actually issued and during which time the accused had in his possession liquor, is a question not necessary to decide in this case, and for this reason we may pass it without expressing an opinion. Nor is there any conflict in the cases construing section 2569b.

In Frogg v. Com., 163 Ky. 175, it appears from the opinion that Frogg owned and operated a registered distillery in McCreary county, a local option territory, and had in his possession a Federal license authorizing him to retail liquor of his own manufacture, and it was held that as the act of 1914, section 2569b of the Kentucky Statutes, especially exempted distillers from the operation of the statute, the possession by a distiller of

a Federal license was not presumptive evidence against him that the having of liquor in his possession was for purposes of sale in violation of law. And this conclusion arrived at by the court was undoubtedly correct under the facts of that case. Frogg was a distiller engaged in the manufacture of whiskey, and it was attempted to apply to him the statute making a Federal license to sell spi..ituous liquor presumptive evidence of his guilt in having in his possession whiskey. A distiller engaged in the manufacture of whiskey who has a Federal license authorizing him to sell and have in his possession spirituous liquors, does not violate the state law by having in his possession the character of spirituous liquor in the distillation of which he is engaged, but if a distiller of one kind of spirituous liquor has in his possession another and distinct kind of spirituous liquor, then the fact that he is a distiller does not save him from the penalties of the statute.

In Gardner v. Com., 171 Ky. 213, Gardner had a Federal license authorizing him to sell malt liquors, and he was indicted under section 2569b of the Kentucky Statutes and found guilty of having in his possession spirituous liquors. In holding that a Federal license to sell malt liquors was not, under the statute, presumptive evidence of guilt where the accused had in his possession spirituous liquors, the court said: "So it follows from the conclusion expressed that as the license appellant held from the Federal Government authorized him to sell only malt liquors in Grant county, the dry territory, the fact that while holding such license he also received and had in his possession in that county whiskey, which is not a malt but a spirituous liquor, constituted no offense under the statute."

Wherefore, the judgment is reversed, with direction to proceed in conformity with this opinion.