## LIQUOR ALLEGED TO BE "HOME BREW" DESTROYED BY DEFENDANT.

Common Pleas Court of Hamilton County.

### CHARLES CASSIDY v. STATE OF OHIO.

(Decided March 9, 1925.)

*Intoxicating Liquors—Prosecution for having Possession of "Home Brew"—Proof Required of its Intoxicating Character—"Smell" alone not a Sufficient Test as to Character of a Fluid.*

1. The statute (G. C. 6175) providing that when a fluid is poured out or otherwise destroyed by a person whose premises are searched, manifestly for the purpose of preventing its seizure, the liquid so destroyed is *prima facie* intoxicating liquor, was enacted under the local option laws prohibiting the sale or liquor, and does not apply in a prosecution under G. C. 6212-15, which is a part of the law passed under the constitutional amendment; in such a prosecution the destruction of the evidence merely gives rise to an unfavorable presumption against the spoliator.

2. While the term "home brew" has come into common usage, it is not of such a character as to require the court to take judicial notice of its meaning, and a liquor simply designated "home brew" by arresting officers must be proved to be intoxicating.

3. Evidence of the character of the destroyed fluid ascertained by smell only, together with the unfavorable presumption arising from the breaking of the bottle, is not sufficient ground for sustaining a conviction.

4. The right of a mayor to his office can not be attacked by motions to dismiss or to quash or by demurrer.

*Paul V. Connolly* for plaintiff.
*Allen C. Roudebush,* for defendant.

Darby, J.

Cassidy was convicted in the mayor's court of the village of North College Hill, and fined on an affidavit charging him with unlawful possession of intoxicating liquor.

Two questions are presented for consideration:

1. Was the mayor of North College Hill without jurisdiction to try the defendant?

2.   Did the evidence sustain the charge?

First.   Did the Mayor's Court have jurisdiction of the case?

The defendant below successively filed a motion to dismiss, a motion to quash and a demurrer, each "for the reason that A. R. Pugh is not the duly qualified and acting mayor of the village of North College Hill by vote of the electorate of said township, but is holding his office by virtue of appointment of the council of said village of North College Hill."

No evidence of any kind was offered to support these motions and demurrer which, if they amount to anything, constitute a plea to the jurisdiction. If it were a good ground of objection that A. R. Pugh holds his office by appointment, it could not be raised in the manner in which it has been attempted in this case. The office of mayor is a legal office, and the acts of the occupant of the office can not be attacked in the manner attempted here.

Second.   Does the evidence sustain the charge?

The charge is possession of intoxicating liquor. The evidence is that when the officers approached the house of the defendant, armed with a search warrant, which fact does not appear to have been known by the defendant, he broke a bottle from which escaped fluid called by the officers "home brew" which they said they smelled, but it was not otherwise designated except as a "home brew." That phrase has come to have common usage, but not of such character as to require or justify the court to take judicial notice of its meaning. "Home brew"— so called—may be intoxicating or otherwise. This fact shows the necessity of evidence to prove that the liquid so designated was intoxicating.

In the case of *Deer* v. *Commonwealth*, 195 Ky. 761, it was held that where the indictment charged the defendant with keeping for sale malted intoxicating liquor, a concoction known as "home brew," and there was no evidence that the beverage kept and sold under that name by defendant was intoxicating, or that the name "home brew" was a spurious name for beer or other malt liquor judicially known to be intoxicating, the court erred in refusing to direct a verdict for the defendant.

The state, however claims that Section 6175 of the General Code applies to this case and is sufficient to justify the finding of the court below. That section provides:

"Section 6175. Fluids poured out or otherwise destroyed by a tenant, assistant or other person when the premises are searched, or to be searched, manifestly for the purpose of preventing their seizure by officers authorized to make such search and seizure, shall be *prima facie* intoxicating liquor and intended for unlawful sale."

That Section was enacted as Section 14 of "an act to provide for the enforcement of local option laws prohibiting the sale of intoxicating liquors as a beverage," and is to be found in 98 O. L., pp. 12 *et seq.*

The affidavit in this case purports to be based upon Section 6212-15 which is a part of the law passed under the Constitutional Amendment prohibiting liquor manufacture, sale, etc.

The court is of the opinion that Section 6175 has no application to the present situation for the reason that it is a part of the law passed to apply to local option only. However it is a general principal that manufacturing or destruction of evidence gives rise to an unfavorable presumption against the manufacturer or spoliator.

The defendant below had one bottle of so-called "home brew" at his home, if he had any. He had denied that the bottle which was broken contained any liquor and specifically that it contained intoxicating liquor, and explained the breaking of the bottle by saying that he was clearing out rubbish from his home and that the bottle was broken in that way.

This court is disinclined to interfere with the judgment of the lower court in such case, but where there has been a complete failure of evidence as to the contents of the bottle, and where the only evidence in the case unfavorable of the defendant was the breaking of the bottle, and as that gives rise only to an unfavorable presumption against him, the court is restrained to find that the conviction is not supported by sufficient evidence.

A conviction may be sustained, it seems, upon the opinion of

a witness as to the character of the contents of a bottle ascertained by taste or smell, but where there is entire absence of evidence as to the character of the contents of this bottle as to taste, a man should not be convicted merely because he broke a bottle which gives rise to an unfavorable presumption against him.

The judgment is reversed and the case is remanded for further proceedings.