## Simpson v. Commonwealth.

(Decided October 6, 1922.)

## Appeal from Butler Circuit Court.

1.  Intoxicating Liquors—Possession—Evidence—In the trial of one
    for unlawfully having in possession intoxicating liquors for sale,
    it must not only appear that the defendant has the possession, but,
    also, the purpose to sell same, but, either of these facts may be
    proven by circumstances, as well as by direct and positive testi-
    mony

2.  Criminal Law—Waiver of Jury.—In a misdemeanor trial, where a
    jury is waived, the same effect must be given to a decision upon
    the facts by the court, as if made by a properly instructed jury.

3.  Criminal Law—Setting Aside Verdict.—A verdict will not be set
    aside upon the ground, that it is not supported by the evidence
    unless it is flagrantly against the evidence.

E. N. MAYHEW for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR,
Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HURT—
Affirming.

W. W. Simpson, the appellant, was indicted for a vio-
lation of the prohibition statute of 1920. The indictment
charged him with each of the offenses of unlawfully sell-
ing, bartering, loaning, keeping for sale and transporting
spirituous liquors. There was no demurrer to the indict-
ment on account of it charging improperly the commis-
sion of more than one offense, nor was there any motion
made to require the attorney for the Commonwealth to
elect, for which of the offenses charged in the indictment,
he would prosecute the appellant under the indictment.
The appellant entered a plea of not guilty, thus waiving
the defects in the indictment. A trial by jury was waived
and the parties entered into a writing, by which it was
agreed that the court should try and decide the action.
The following was agreed to constitute the evidence upon
which the court should decide the issue. One Robert
Main and Paul Threlkeld, before the finding of the in-
dictment and after the enactment of the statute, went
into the business house of appellant, hunting for whiskey,
presumably for the purpose of slaking a strong and rag-
ing thirst. There they found and secured two and one-
half gallons of whiskey, which they took away with them

and used, in part at least, presumably in diminishing the thirst. Appellant was absent from his storehouse, at the time, but, his clerk was present, and as the stipulation provides, made no objection to the seizing and carrying away of the liquors. The stipulation further provides that the taking away of the liquor was without the knowledge or consent of appellant and without any previous arrangement with him "so far as the Commonwealth was able to prove." It was, also, agreed, that neither Main nor Threlkeld had ever paid or compensated or offered to pay appellant for the whiskey "so far as the Commonwealth is able to prove." No objection was made to the introduction of any of the above facts, as evidence. No explanation of the presence of the liquor in his storehouse was made or attempted to be made by appellant, and no purpose for which it was intended was made or attempted to be made to appear from any evidence.

Upon the foregoing evidence the court adjudged that appellant was guilty of the offense of keeping intoxicating liquors for sale, for other than sacramental, medicinal, scientific or mechanical purposes, and that for such offense, he pay a fine of one hundred dollars and suffer imprisonment for thirty days, in the county jail.

The grounds for a new trial did not raise any question except the sufficiency of the evidence to support the verdict and judgment. In the trial of a misdemeanor, where a jury is waived, the same effect should be given to the finding of the facts by the court, as is given to the verdict of a properly instructed jury. To sustain an indictment for keeping for sale intoxicating liquors, it is unnecessary to prove that a sale was either made or attempted. All that is necessary is to prove that the liquors are kept for sale, and that may be accomplished by circumstantial evidence, as well as by positive and direct testimony, and a verdict of conviction cannot be overthrown upon the ground, that the evidence fails to support it, unless it is palpably and flagrantly against the evidence. The possession of an unusual quantity of spirituous liquors, without any explanation, has always been held to be a circumstance which with others surrounding it from which a jury was authorized to infer that the possessor was keeping it for sale. The evidence indisputably proved, that appellant had the liquors, in his possession, in an unusual quantity, and there was no attempt in the evidence to deny the possession or knowledge of the possession, or show any purpose for which it was kept. There was no

pretence that it was not the property of appellant. Under the evidence it cannot be said that the decision was flagrantly against the evidence. King v. Commonwealth, 143 Ky. 125; Sizemore v. Commonwealth, 140 Ky. 338; Combs v. Commonwealth, 171 Ky. 136; Cornett v. Commonwealth, 170 Ky. 717.

The judgment is therefore affirmed.