THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* GEORGE RIDES, Appellant.

Submitted January 27, 1937; decided March 9, 1937.

*Stephen L. Hoffman* for appellant. The evidence was insufficient to prove the guilt of the defendant beyond a reasonable doubt. (*People* v. *Solomon,* 248 App. Div. 476; *People* v. *Bartholdi,* 243 App. Div. 577; *People* v. *Trimarchi,* 231 N. Y. 263; *People* v. *Razezicz,* 206 N. Y. 249; *People* v. *Fitzgerald,* 156 N. Y. 253; *People* v. *Mantin,* 184 App. Div. 767; *People* v. *Acerno,* 184 App. Div. 541.) There is no legal obligation on the part of the defendant to prove himself innocent. (*People* v. *Orr,* 270 N. Y. 193.)

*William Copeland Dodge, District Attorney* (*Philip A. Donahue* of counsel), for respondent. The People's case was fully proved. (*People* v. *Sugarman,* 248 N. Y. 255; *People* v. *Guadagnino,* 233 N. Y. 344; *People* v. *Van Bramer,* 235 App. Div. 287; 261 N. Y. 505; *Violette* v. *United States,* 278 Fed. Rep. 163; 258 U. S. 626; *Polley* v. *Commonwealth,* 171 Ky. 307; *People* v. *Conroy,* 97 N. Y. 62; *People* v. *Deitsch,* 237 N. Y. 300; *Gordon* v. *People,* 33 N. Y. 501; *People* v. *Hovey,* 92 N. Y. 554; *People* v. *Tuczkewitz,* 149 N. Y. 240; *People* v. *Atlas,* 183 App. Div. 595; 230 N. Y. 629; *People* v. *Branfman,* 241 App. Div. 856; *Simpson* v. *Commonwealth,* 196 Ky. 4; *Robata* v. *State,* 106 Tex. Cr. 346; *Jones* v. *State,* 19 Ala. App. 600; *Fletcher* v. *State,* 12 Ala. App. 216; *Jones* v. *State,* 124 Tex. Cr. Rep. 355.)

FINCH, J. The defendant appeals from a conviction of the misdemeanor of manufacturing for sale an alcoholic beverage without a license. (Alcoholic Beverage Control Law [Cons. Laws, ch. 3-B], § 100.) The defendant was sentenced to pay a fine of $200 or serve thirty days in the city prison.

The information against the defendant contained two counts, the first charging the sale of an alcoholic beverage without a license, and the second charging that the

defendant " unlawfully did manufacture for sale a certain alcoholic beverage without a license."

The facts are not in dispute. A police department detective testified that, in response to a telephone call informing him that a still was being operated in the apartment of the defendant on the fourth floor of a six-story tenement building, he went there and was admitted by an elderly woman claimed by the defendant to be his mother. The detective found a ten-gallon still in operation in a back room, and nine one-gallon bottles of alcohol on the floor. A few minutes thereafter, the defendant came to the apartment and admitted that he lived there, and that he had put the still in operation. In response to a question as to the reason for having so much alcohol, he replied that his mother was ill, that a doctor had informed him that she was suffering from arthritis and that it was incurable or very difficult to cure, and that " the only thing you can do if you have some good alcohol, rub her." The detective did not know whether the defendant had ever sold any alcohol.

The defendant took the stand and denied that he had sold or intended to sell the alcohol. He accounted for the nine gallons by the explanation that his mother used at least a pint a day, and he stated that pure alcohol was so expensive that he decided to manufacture the amount needed for his mother. The wife of the defendant confirmed his testimony. The defendant did not call the doctor as a witness, nor did he call his mother.

On this evidence there was a total failure of proof on the part of the prosecution that the alcohol was sold or intended for sale by the defendant or by any other person.

The prosecution maintains that the circumstantial evidence is sufficient to take the place of the lacking proof.

In the first place, the prosecution urges that since the defendant was the proprietor of a candy store, and a man of small means, finding him manufacturing so much alcohol is sufficient to justify the conclusion that he

planned to sell it. In further explanation of the amount, the defendant testified that the process of distillation was in its first stage, and that the amount of alcohol after redistillation would be reduced by exactly one-half. The manufacture of unusual quantities of alcohol under some circumstances may justify the conclusion that there was an intention to sell (*Simpson* v. *Commonwealth*, 196 Ky. 4), but the manufacture of four and one-half gallons, or even nine gallons, does not prove or tend to prove that the alcohol was sold or manufactured for sale by the defendant. Nor can such an inference be drawn from the fact that the explanation given by the defendant, concerning the reason for manufacturing the alcohol, appears to be false, or that the trial justices disbelieved that explanation. Although the explanation of the defendant, that he was manufacturing alcohol to be used by his mother for relieving her arthritis, may be false, yet the falsity to this testimony would not take the place of affirmative proof that the alcohol was manufactured for sale. All this is equally consistent with the view that it might have been manufactured by the defendant for his own consumption. Nor does the failure of the defendant to call the doctor or his mother raise an inference which can be substituted for the necessary proof. Similarly, the denial by the defendant that he has ever been convicted of another crime, when he had been convicted on a slot machine charge five years earlier, does not replace the lacking proof.

It may not be necessary to prove a sale by direct proof, but it is necessary to prove facts which clearly and unequivocally raise at least an inference that the defendant manufactured the alcohol for the purposes of sale, as charged in the information. In all of the cases relied upon by the People, there was circumstantial evidence raising such an inference. In the case at bar there is none. The facts, while consistent with guilt, also are consistent with innocence.

Circumstantial evidence, to justify the inference of guilt, must exclude every other reasonable hypothesis. It is not enough that the hypothesis of guilt will account for all the facts proven. If the facts are consistent also with the hypothesis of innocence, they have no value as substituted for direct proof. (*People* v. *Razezicz*, 206 N. Y. 249, 273; *People* v. *Suffern*, 267 N. Y. 115, 127.)

Where, as in the case at bar, there is no evidence showing a sale, or that the alcohol was manufactured for sale as charged in the information, the conviction of the defendant, based neither upon direct proof nor circumstantial evidence unequivocally raising an inference of guilt but upon mere suspicion, cannot be sustained. (*People* v. *Orr*, 270 N. Y. 193.) An essential element of the crime charged has not been proven and conjecture cannot fill the gap left open by the evidence.

It follows that the judgments should be reversed and the information dismissed.

O'BRIEN, LOUGHRAN and RIPPEY, JJ., concur; CRANE, Ch. J., and LEHMAN, J., dissent; HUBBS, J., taking no part.

Judgments reversed, etc.