[Cite as *State v. Butcher*, 2012-Ohio-3836.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

State of Ohio,                                     :

    Plaintiff-Appellant,                      :

                        :            Case No. 11CA18

    v.                                             :

Frank K. Willette,                              :            DECISION AND
Tyson J. Butcher,                             :            JUDGMENT ENTRY

                        :
    Defendants-Appellees.                 :            Filed:  August 22, 2012
_____

APPEARANCES:

James Schneider, Washington County Prosecuting Attorney, and Alison L. Cauthorn, Washington County Assistant Prosecuting Attorney, Marietta, Ohio, for Appellant.

John A. Bay, Bay Law Office, Columbus, Ohio, for Appellee, Tyson J. Butcher.
_____

Kline, J.:

**{¶1}**   The State of Ohio appeals the judgment of the Washington County Court of Common Pleas, which granted Tyson Butcher's motion to suppress evidence obtained as a result of a search of Butcher's person.  The state contends that a highway patrol officer had probable cause to search Butcher's person.  The record demonstrates (1) the officer believed he saw marijuana in "plain view" on Butcher's shirt and (2) exigent circumstances justified the search of Butcher's person.  As a result, we conclude that there was probable cause to search Butcher's person.  Accordingly, we reverse the judgment of the trial court.

I.

{¶2}    On September 19, 2010, at approximately 2:45 a.m., Butcher was riding in the front passenger seat of a vehicle travelling westbound on State Route 550. Trooper John Smith and Sgt. Todd McDonald of the Ohio Highway Patrol were also on State Route 550 at that time. Trooper Smith observed the vehicle commit a traffic violation.

{¶3}    Trooper Smith initiated a traffic stop on the vehicle. For safety reasons, Trooper Smith ordered the driver to proceed to the driveway of a nearby elementary school. Trooper Smith approached the driver's side of the vehicle, and Sgt. McDonald approached the passenger's side. While standing next to the passenger-side door, Sgt. McDonald shined his flashlight inside the car. Sgt. McDonald testified that he "observed what appeared to be marijuana residue on Mr. Butcher's shirt." Suppression Hearing Tr. at 56.

{¶4}    Trooper Smith ordered the driver out of the vehicle to conduct a field sobriety test. Sgt. McDonald then ordered Butcher out of the vehicle and patted him down to check for weapons. After determining that Butcher did not have any weapons, Sgt. McDonald shined his flashlight on the alleged marijuana residue on Butcher's shirt. Next, Sgt. McDonald ordered Butcher to empty his pockets. The search of Butcher's pockets revealed the presence of crack cocaine. Additionally, a baggie of marijuana fell onto the ground as Butcher was emptying his pockets.

{¶5}    A grand jury returned an indictment against Butcher for possession of crack cocaine. Butcher filed a motion to suppress the evidence Sgt. McDonald obtained as a result of the search of Butcher's person. The trial court held a hearing on the motion to suppress on May 9, 2011. And on June 16, 2011, the trial court ruled that

Sgt. McDonald lacked probable cause to search Butcher's person. Consequently, the trial court granted Butcher's motion to suppress.

{¶6} The state appeals and asserts the following assignments of error: I. "THE TRIAL COURT ERRED IN SUPPRESSING THE EVIDENCE FOUND ON APPELLEE'S PERSON. THE SEARCH OF APPELLEE WAS BASED ON PROBABLE CAUSE AND WAS AUTHORIZED WITHOUT A WARRANT, BASED ON THE EXIGENT CIRCUMSTANCES EXCEPTION TO THE WARRANT REQUIREMENT AND THE OHIO SUPREME COURT'S DECISION IN STATE V. MOORE." II. "THE TRIAL COURT ERRED IN RULING THAT THE OBSERVATION OF MARIJUANA RESIDUE ON THE SHIRT OF A PERSON IS INSUFFICIENT TO CONSTITUTE PROBABLE CAUSE FOR A SEARCH." And, III. "THE TRIAL COURT'S RULING THAT THE OFFICER'S OBSERVATION OF THE MARIJUANA RESIDUE WAS NOT SUFFICIENTLY UNIQUE IS CONTRARY TO LAW AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE OR CLEARLY ERRONEOUS."

II.

{¶7} We will analyze the state's assignments of error together because the arguments are intertwined. Essentially, the state argues (1) that the alleged marijuana on Butcher's shirt was in "plain view" and (2) that exigent circumstances justified the warrantless search of Butcher's person.

{¶8} Our "review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *State v. Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, 850

N.E.2d 1168, ¶ 100, quoting *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8.  Therefore, we "must accept the trial court's findings of fact if they are supported by competent, credible evidence."  *Burnside* at ¶ 8.  "Accepting these facts as true, [we] must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard."  *Id. Accord Roberts* at ¶ 100; *State v. Stepp*, 4th Dist. No. 09CA3328, 2010-Ohio-3540, ¶ 14.

**{¶9}**   The Fourth Amendment to the United States Constitution provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."  The Fourth Amendment "applie[s] to the states through the Fourteenth Amendment[.]"  *State v. Moore*, 90 Ohio St.3d 47, 48, 734 N.E.2d 804 (2000).

**{¶10}**   "For a search or seizure to be reasonable under the Fourth Amendment, it must be based upon probable cause and executed pursuant to a warrant."  *Id.* at 49, citing *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); *State v. Brown*, 63 Ohio St.3d 349, 350, 588 N.E.2d 113 (1992).  This involves a two-step analysis.  "First, there must be probable cause.  If probable cause exists, then a search warrant must be obtained unless an exception to the warrant requirement applies.  If the state fails to satisfy either step, the evidence seized in the unreasonable search must be suppressed."  *Moore* at 40, citing *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961); *AL Post 763 v. Ohio Liquor Control Comm.*, 82 Ohio St.3d

108, 111, 694 N.E.2d 905 (1998). Furthermore, "the state bears the burden of proving that a warrantless search or seizure meets Fourth Amendment standards of reasonableness." *Maumee v. Weisner*, 87 Ohio St.3d 295, 297, 720 N.E.2d 507 (1999).

**{¶11}** Here, there is no dispute that law enforcement properly initiated the traffic stop. However, Sgt. McDonald needed probable cause to justify searching Butcher's person. *Moore* at 50. "'Probable cause' is defined as a reasonable ground of suspicion that is supported by facts and circumstances, which are sufficiently strong to warrant a prudent person in believing that an accused person had committed or was committing an offense." *State v. Jones*, 4th Dist. No. 03CA61, 2004-Ohio-7280, ¶ 40.

**{¶12}** The trial court found as follows:

> [Sgt.] McDonald approached the passenger side of the car, briefly shining his flashlight into the interior of the car, illuminating both the front and back seat passengers. * * * Shortly after [the driver] was removed from the vehicle, [Sgt.] McDonald, without any further investigation, ordered the front seat passenger, Tyson Butcher, from [the driver's] vehicle and patted him down. The stated reason for the pat down was that [Sgt.] McDonald had identified "marijuana residue" on [Butcher's] shirt and pants by flashlight through the window. Ruling on Motion to Suppress at 2-3.

The trial court ultimately concluded that Sgt. McDonald "lacked probable cause to search Butcher." *Id.* at 4.

**{¶13}** We conclude, however, that Sgt. McDonald did not violate Butcher's Fourth Amendment rights when Sgt. McDonald searched Butcher's person without a warrant. We find (1) that the alleged marijuana residue on Butcher's shirt was in "plain view" and (2) exigent circumstances justified Sgt. McDonald's warrantless search of Butcher's person.

A. "Plain View" Doctrine

**{¶14}** The "plain view" doctrine is a judicially recognized exception to the Fourth Amendment's warrant requirement. *See State v. Akron Airport Post No. 8975, VFW of the US*, 19 Ohio St.3d 49, 51, 482 N.E.2d 606 (1985).

> A warrantless search or seizure by a law enforcement officer of an object in plain view does not violate the Fourth Amendment if (1) the officer did not violate the Fourth Amendment in arriving at the place from which the object could be plainly viewed; (2) the officer has a lawful right of access to the object; and (3) the incriminating nature of the object is immediately apparent. *State v. Hunter*, 8th Dist. No. 92032, 2009-Ohio-4194, ¶ 12, citing *State v. Steward*, 8th Dist. No. 80993, 2003-Ohio-1337; *Horton v. California*, 496 U.S. 128, 136-137, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990); *State v. Wilmoth*, 1 Ohio St.3d 118, 438

N.E.2d 105 (1982); *State v. Williams*, 55 Ohio St.2d

82, 377 N.E.2d 1013 (1978).

**{¶15}** "The 'immediately apparent' requirement of the 'plain view' doctrine is satisfied when police have probable cause to associate an object with criminal activity." *State v. Halczyszak*, 25 Ohio St.3d 301, 496 N.E.2d 925 (1986), paragraph three of the syllabus. "In ascertaining the required probable cause to satisfy the 'immediately apparent' requirement, police officers may rely on their specialized knowledge, training and experience[.]" *Id.* at paragraph four of the syllabus.

**{¶16}** Based on the trial court's factual findings, we find that the alleged marijuana on Butcher's shirt was in "plain view." Initially, we note that the state has satisfied the first two prongs of the "plain view" test. As stated above, law enforcement properly initiated the traffic stop. Thus, "the officers did not violate the Fourth Amendment in arriving at the place from which the [substance on Butcher's shirt] could be plainly viewed." *Hunter* at ¶ 12. Moreover, Sgt. McDonald testified that he viewed the substance on Butcher's shirt when he shined his flashlight inside the car. Sgt. McDonald was permitted to shine his flashlight inside the vehicle as he investigated a traffic violation. *See State v. Reaves*, 2d Dist. No. 18302, 2000 WL 1643808, *3 (Nov. 3, 2000). Accordingly, Sgt. McDonald had "a lawful right of access to the [substance on Butcher's shirt]." *Hunter* at ¶ 12.

**{¶17}** Furthermore, the record demonstrates that the incriminating nature of the substance on Butcher's shirt was immediately apparent. Sgt. McDonald testified that he believed he saw marijuana residue on Butcher's shirt. Sgt. McDonald also testified regarding his extensive training and experience in identifying marijuana. For example,

Sgt. McDonald testified that he had seen marijuana residue similar to what he viewed on Butcher's shirt "hundreds" of times over the course of his career. Suppression Hearing Tr. at 58. Considering that Sgt. McDonald believed he saw marijuana residue on Butcher's shirt as well as Sgt. McDonald's experience identifying marijuana residue, Sgt. McDonald had probable cause to associate the substance on Butcher's shirt with criminal activity. *See State v. Pounds*, 2d Dist. No. 21257, 2006-Ohio-3040, ¶ 20. Thus, we conclude that the incriminating nature of the substance on Butcher's shirt was immediately apparent.

**{¶18}** Arguably, the trial court's ruling implies that, given the lighting conditions and Sgt. McDonald's vantage point outside the vehicle, the court did not believe it was possible for Sgt. McDonald to see marijuana residue on Butcher's shirt. Even assuming that the trial court meant to imply this, we still conclude that the incriminating nature of the substance on Butcher's shirt was immediately apparent. There is no question that Trooper Smith lawfully detained the driver's vehicle based on a traffic violation. And "an officer making a traffic stop may order passengers to get out of the car pending completion of the stop." *Maryland v. Wilson*, 519 U.S. 408, 415, 117 S.Ct. 882, 137 L.Ed.2d 41 (1997). Moreover, the officer's subjective intent in doing so is irrelevant. *See Village of Kirtland Hills v. Strogin*, 11th Dist. No. 2005-L-073, 2006-Ohio-1450, ¶ 19 ("Officer Parker did not violate appellee's Fourth Amendment rights by requesting that he get out of his vehicle, even if his subjective intent was to conduct field sobriety testing."). Thus, Sgt. McDonald lawfully ordered Butcher out of the vehicle.

**{¶19}** Once Butcher was out of the vehicle, the record shows that Sgt. McDonald could clearly see the substance he identified as marijuana residue on Butcher's shirt.

After Sgt. McDonald patted Butcher down for weapons, Sgt. McDonald testified: "I explained to [Butcher] that I saw marijuana residue on his shirt and pants. * * * [And] *I* * * *shined the flashlight to the exact spot where I was referring to on his shirt.*" (Emphasis added.) Suppression Hearing at 59. Thus, Sgt. McDonald shined his flashlight directly on the alleged marijuana residue on Butcher's shirt. Therefore, even if the incriminating nature of the substance was not immediately apparent when Butcher was inside the vehicle, this changed after Butcher was outside the vehicle.[1]

**{¶20}** Consequently, for the reasons stated above, we conclude that alleged marijuana residue on Butcher's shirt was in "plain view."

### B. Exigent Circumstances

**{¶21}** Sgt. McDonald's "plain view" observation of the alleged marijuana substance on Butcher's shirt alone does not justify the warrantless search of Butcher's person. The state must justify the warrantless search of Butcher's person with an exception to the warrant requirement. We conclude that "exigent circumstances" justified the warrantless search of Butcher's person.

**{¶22}** "[C]ertain situations present exigent circumstances that justify a warrantless search. Generally, there must be 'compelling reasons' or 'exceptional circumstances' to justify an intrusion without a warrant." *Moore*, 90 Ohio St.3d at 52, 734 N.E.2d 804, citing *McDonald v. United States*, 335 U.S. 451, 454, 69 S.Ct. 191, 93 L.Ed. 153 (1948). For example, "[a] warrantless search is * * * justified if there is

---

[1] The trial court was also troubled by the fact that Sgt. McDonald did not testify how he was able to determine that there was not an innocent explanation for the residue. The trial court suggested that the residue could have come from legal cigarettes instead of marijuana. To that end, we note that an innocent explanation for a defendant's activity does not necessarily preclude a finding of probable cause. *See State v. Althiser*, 4th Dist. No. 97CA14, 1998 WL 2514, *4 (Jan. 6, 1998).

imminent danger that evidence will be lost or destroyed if a search is not immediately conducted." *Moore* at 52. "Because marijuana and other narcotics are easily and quickly hidden or destroyed, a warrantless search may be justified to preserve evidence." *Id.*

**{¶23}** Here, Sgt. McDonald observed what he believed to be marijuana on Butcher's shirt during a traffic stop at approximately 2:45 a.m. This observation created a "reasonable ground of suspicion * * * to warrant a prudent person in believing that [Butcher] had committed or was committing an offense." *Jones*, 2004-Ohio-7280, at ¶ 40. That is, Sgt. McDonald had probable cause to believe Butcher had contraband on his person. In order to obtain a warrant to search Butcher's person, Sgt. McDonald would have had to either (1) detain Butcher for several hours in the middle of the night until law enforcement could obtain a warrant or (2) release Butcher but risk that Butcher would hide or destroy any contraband he possessed. We find that these options were unreasonable. *See Jones* at ¶ 42. Consequently, compelling reasons existed for Sgt. McDonald to search Butcher's person without first obtaining a warrant. As a result, exigent circumstances justified the warrantless search of Butcher's person. *See Moore* at 52-53; *State v. Kelley*, 4th Dist. No. 10CA3182, 2011-Ohio-3545, ¶ 30; *State v. Fuller*, 2d Dist. No. 18994, 2002 WL 857671, *6 (April 26, 2002).

**{¶24}** In conclusion, Sgt. McDonald observed the alleged marijuana on Butcher's shirt consistent with the requirements of the "plain view" doctrine. Moreover, considering the time of the traffic stop and the nature of the suspected contraband, exigent circumstances justified the warrantless search of Butcher's person. Consequently, the trial court erred in granting Butcher's motion to suppress. As a

result, we sustain the state's assignments of error, and we reverse the judgment of the

trial court.

**JUDGMENT REVERSED AND CAUSE REMANDED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE REVERSED and the cause be REMANDED for further proceedings consistent with this opinion.  Appellee shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, P.J. and Harsha, J.:  Concur in Judgment & Opinion.

For the Court

BY:_____
    Roger L. Kline, Judge

### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**